ANNIE K. FRANK *vs.* FRANK S. WORTH.

Cumberland.        Opinion May 28, 1930.

*Bradley, Linnell & Jones,* for plaintiff.
*Francis W. Sullivan,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, JJ., MORRILL, A. R. J.

MORRILL, A. R. J.   This cause is before the Court upon defend-
ant's exception to the exclusion of certain testimony offered upon
the question of damages.

The parties entered into a written contract whereby the plain-
tiff agreed to purchase and the defendant agreed to sell certain
real estate; the property was to be conveyed "upon good and suf-
ficient title by warranty deed, free and clear of all encumbrances"
except an outstanding mortgage which the plaintiff agreed to as-
sume and to pay as part of the consideration, and an outstanding
lease. The plaintiff paid $500 upon the execution of the contract,
and agreed to pay $3,750 additional when the papers were passed.

On September 4, 1929, within the period fixed by the contract,
the parties met to complete the transaction. The defendant pro-
duced and offered for the inspection of plaintiff's attorney a deed
which purported to convey the property in question subject to
certain building restrictions not mentioned in the written con-
tract of sale. The plaintiff, at the suggestion of her attorney, de-
clined to accept the deed then, saying in substance that she wished
to consider the matter further.

During the interview a banker's check for $3,750, payable to
Mrs. Frank and by her indorsed in blank, was produced and laid
upon the desk at which the parties and their attorneys were seated;
upon producing the deed for the inspection of plaintiff's attorney,
or shortly after, the defendant took the check from the desk, re-
tained, and later cashed it. When informed that the plaintiff de-
clined to accept the deed then and wished to consider the matter,
the defendant replied, "I considered the matter closed," and de-

clined to surrender the check or to receive the deed. Later, and within the time fixed by the contract for closing the transaction, the plaintiff definitely refused to accept the deed, tendered it to the defendant, and demanded repayment of the money which he had received from her and the return of the check. The defendant refused to accept the deed, or to repay the money and return the check, and thereupon this action was commenced to recover the sum of $4,250 and interest.

The defendant sought to introduce in evidence upon the question of damages the opinion of a real estate dealer, whose qualifications were admitted, as to the value of the property in question on said September 4, 1929. The evidence was excluded, and the correctness of that ruling is the only point involved in the case.

It is not questioned that the plaintiff was entitled to the benefit of her contract, to receive a warranty deed in accordance therewith. The deed offered by the defendant failed to meet the contract. Upon instructions, to which no exceptions have been taken, the jury has found that the plaintiff did not waive her right to object to the encumbrances in question, and did not accept the deed in total or partial performance of the contract, as the defendant contended upon proper pleadings.

The defendant, therefore, has in his possession $4,250 belonging to the plaintiff to which he is not entitled; and in this action for money had and received the measure of damages is not, as defendant's counsel contended before the presiding Justice, the "difference between what Mrs. Frank should have got and what she did get if she accepted the deed"; but the plaintiff is entitled to recover the full amount of her money in defendant's possession, with interest.

*Exceptions overruled.*
*Judgment on the verdict.*