## WILLIAM MOORE *vs.* OLLIE C. DAGGETT, APLT.

Knox County. Decided May 28, 1930. Motion by defendant for a new trial in an action to recover for damages to plaintiff's automobile caused by collision.

The only reason relied upon in argument is: "Because the damages are excessive, and because no evidence on which to properly base damages was introduced or presented in evidence." If the latter proposition is sustained by the record, the verdict should have been for nominal damages only. *Rollins* v. *Blackden*, 112 Me., 459, 470.

This contention, however, loses sight of very material testimony on the question of damages. The plaintiff's car unquestionably sustained substantial injuries. The jury had before it the fact that the car was new, of 1928 model, when purchased by the plaintiff; that it had been used only about five months, had never been involved in another accident, and that it cost $1,190. They also had descriptions, quite in detail, of the injuries to the car from the mechanic who put the frame back in line, from the owner, and from an eyewitness of the collision. The injuries included a bent frame and bent forward axle, damaged front and rear mudguards on the left hand side, a broken bumper brace, dented body, injury to the steering gear, and broken braces supporting the engine. The car was driven away from the scene of the collision under its own power. The testimony leaves no doubt that the cars collided with a considerable degree of violence.

The record is brief and upon a careful examination we think that the jury had sufficient basis for an intelligent application of the established rule that the damages in this class of cases are the difference between the value of the car immediately before the collision and its value immediately after the collision. The description of the injuries presented to the jury a picture of the condition of the car after the collision quite as helpful in assessing the damages as the opinion of any expert automobile dealer. The defendant submitted the case as to damages upon the testimony introduced by the plaintiff, without request for instructions as to nominal damages.

The court does not perceive that the verdict is either so clearly excessive, or so clearly the result of mere conjecture as to warrant the substitution of its own judgment for the judgment of the jury and for interfering with their conclusion. Motion overruled. *Charles T. Smalley*, for plaintiff. *Frank A. Tirrell, S. Arthur Paul*, for defendant.