JOHN J. COLLINS AND IRENE V. COLLINS *vs.* ESTHER KELLEY.

Cumberland.　Opinion, May 27, 1935.

411

*Richard E. Harvey*, for plaintiffs.
*Robinson & Richardson*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

THAXTER, J. An automobile owned by the plaintiff, John J. Collins, and driven by his daughter, Irene V. Collins, was in collision with another driven by the defendant, Esther Kelley. Out of this accident arise these two cases, one brought by the father to recover for the damage to his car, the other by his daughter for personal injuries. After verdicts for the plaintiffs in both cases, motions for new trials were filed. These raise the same issues as the exceptions filed to the refusal to direct verdicts for the defendants.

The collision took place at the junction of Spring and Brackett Streets in Portland. The plaintiff, Irene V. Collins, was driving south and the defendant east. The defendant had the right of way and without rebutting evidence the presumption of negligence would be against the plaintiff. *Dansky* v. *Kotimaki*, 125 Me., 72, 130 A., 871. There was testimony as to the speed of the defendant's automobile, the position of the cars at the time of the impact, and

the force of the blow, which, if believed by the jury, was sufficient to justify the verdicts. The issues as to the due care of the plaintiff, Irene V. Collins, and as to the negligence of the defendant were for the jury. That as triers of fact we might have decided the questions differently is beside the point.

The defendant claims that the damages are too high. Miss Collins received severe bruises and a cut on the wrist which required stitches to close. Though not permanently injured, she suffered from the effects of the accident for some time. The verdict for $507.08 does not, under the circumstances, seem unduly excessive. On the question as to the damage to the car owned by the plaintiff, John J. Collins, there was testimony that the car was worth $650 before the accident, and $300 afterwards, and that it could be repaired for $206. The defendant claims that the latter figure is the limit of the plaintiff's recovery. The rule long established in this jurisdiction is that the plaintiff is entitled to recover the difference between the value of the car before and after the accident. *Moore v. Daggett,* 129 Me., 488, 150 A., 538. The cost of repairs may be an important element in determining that figure, but it is not conclusive. The jury allowed the plaintiff $319.17. In view of all the evidence, we can not hold such award excessive.

*Motions overruled.*
*Exceptions overruled.*