R. GORDON MESSICK AND HIS WIFE, ERA MESSICK, v. THE CITY OF HICKORY.

(Filed 28 April, 1937.)

1. **Appeal and Error §§ 20, 31f—Where judge settles case on appeal, motion to dismiss for prolix statement is addressed to discretion of court.**

   A motion to dismiss an appeal for that the case on appeal is not a concise statement containing only matter reasonably necessary for the consideration of appellant's assignments of error, C. S., 643, Rule of Practice in the Supreme Court No. 19, is addressed to the discretion of the Supreme Court when the case on appeal is settled by the trial judge, C. S., 644, and the motion is denied in this case, since a dismissal would be a denial of justice to appellant.

2. **Eminent Domain § 23—Instruction on issue of permanent damages for flooding of land by municipal drains held not to conform to evidence.**

   In this action to recover permanent damages to plaintiffs' land resulting from defendant municipality's inadequate surface drains, plaintiffs introduced evidence of damage from overflow of water during two months of heavy rains, and introduced testimony of the value of the land at the time of the institution of the action some eighteen months after the injury, and the value the land would have had at that time if defendant's drainage system had been adequate. Plaintiffs offered no evidence of the value of the land immediately before and immediately after the injury. *Held:* An instruction to the effect that plaintiffs had introduced evidence of the value of the land immediately before and immediately after the injury, and that the jury should ascertain said values from the evidence and award as damage the difference in values, is erroneous as an inadvertent misstatement of plaintiffs' evidence, which constitutes prejudicial error when taken with the charge on the measure of damage, and it was also prejudicial error for the court to fail to state defendant's contentions, based upon its evidence duly admitted, that the property had not been permanently damaged by the overflow of surface waters during the two months of heavy rains.

3. **Trials § 33—**

   Where the trial court states the contention of one of the parties on the evidence, it is error for the court to fail to state the contentions of the adverse party based on its evidence on the same aspect of the case.

4. **Appeal and Error § 52—**

   Where error is committed in the lower court in respect to one issue alone, the Supreme Court in its discretion may order a partial new trial when the issue in respect to which error was committed is entirely separable from the other issues and there is no danger of complication.

APPEAL by defendant from *Alley, J.,* at November Term, 1936, of CATAWBA. Partial new trial.

This is an action to recover damages for injuries to plaintiffs' property, situate within the corporate limits of the city of Hickory and occupied by the plaintiffs as their home since August, 1933.

Two causes of action are alleged in the complaint.

On the first cause of action plaintiffs pray judgment that they recover of the defendant permanent damages for injuries to their property which were caused by the negligent construction by the defendant of its drainage system, and which resulted in a partial taking of plaintiffs' property by the defendant.

On the second cause of action the plaintiffs pray judgment that they recover of the defendant permanent damages for injuries to their property which were caused by the construction by the defendant of a sewer line across their property.

The evidence at the trial showed that the injuries to plaintiffs' property described in the complaint caused by the construction by the defendant of its drainage system occurred during the months of July and August, 1934, and that no injuries have occurred since that time.

The evidence at the trial further showed that the injuries to plaintiffs' property described in the complaint caused by the construction of the sewer line across said property by the defendant occurred during the year 1935.

This action was begun on 13 January, 1936. The issues arising on the pleadings and submitted to the jury were answered as follows:

"1. Did the plaintiffs institute this action within three years from the time their first cause of action accrued? Answer: 'Yes.'

"2. Was the plaintiffs' property flooded and damaged by the negligence of the defendant, as alleged in plaintiffs' first cause of action? Answer: 'Yes.'

"3. What damages, if any, are the plaintiffs entitled to recover on their first cause of action? Answer: '$3,800.'

"4. Did the defendant build and construct a sewer line across plaintiffs' property, as alleged in the complaint? Answer: 'Yes.'

"5. Has the defendant acquired the right by prescription to construct and maintain said sewer line, as alleged in the answer? Answer: 'No.'

"6. What compensation, if any, are the plaintiffs entitled to recover on their second cause of action? Answer: '$200.00.' "

It was ordered and adjudged by the court that plaintiffs recover of the defendant the sum of $4,000, and the costs of the action, and that defendant has and shall enjoy a permanent easement or right to maintain its present drainage system and sewer line over and across plaintiffs' property.

The defendant appealed from the judgment to the Supreme Court, assigning errors in the trial chiefly with respect to the third issue.

*Chas. W. Bagby, C. D. Swift, and J. C. Rudisill for plaintiffs.*
*R. H. Shuford, J. L. Murphy, and M. H. Yount for defendant.*

CONNOR, J.   The plaintiffs, as appellees, moved in this Court that the appeal of the defendant be dismissed for that the case on appeal was not prepared in accordance with the provisions of C. S., 643, and of Rule 19 of this Court.

An examination of the transcript filed in this Court at the time the appeal was docketed discloses that the case on appeal, upon disagreement of counsel, was settled by the judge.   C. S., 644.   Plaintiffs' motion that the appeal be dismissed was therefore addressed to the discretion of this Court.   Rule 19 (4).   Although the case on appeal was not prepared in accordance with the provisions of the statute (C. S., 643), plaintiffs' motion was denied.   The appeal was heard and duly considered by this Court.

If in the preparation of the case on appeal the provisions of the statute had been complied with, and the case on appeal had been a concise statement of the case, containing only matter reasonably required for the consideration by this Court of defendant's assignments of error, the defendant would have been spared needless expense for the printing of the record, and the labor of this Court would have been greatly lessened.   After examining the transcript filed in this Court, the Court was of opinion that a dismissal of its appeal would be a denial of justice to the defendant.   For that reason, plaintiffs' motion was denied by this Court in the exercise of its discretion.

On its appeal to this Court, the defendant relies chiefly on its contention that there were errors in the instructions of the court to the jury with respect to the third issue, for which it is entitled to a new trial.   Its assignments of error with respect to the other issues have been duly considered.   They cannot be sustained.   There was no error in the trial with respect to these issues.

The third issue is as follows: "3. What damages, if any, are the plaintiffs entitled to recover on their first cause of action?"

With respect to this issue, the court instructed the jury as follows:

"Now, gentlemen, I refer you to the evidence in this case.   The plaintiff has introduced witnesses whose testimony tends to show that plaintiffs' property was worth $8,000 before the floods of 1934 (assuming that the defendant, the city of Hickory, had had then suitable and proper drainage to take care of and carry off this overflow of water), and that after the floods (assuming that the defendant, the city of Hickory, in this case will acquire a permanent right or easement to continue its present system of drainage) that the plaintiffs' property is not worth more than $1,500 or $2,000.

"Now, ordinarily, in a tort action, that is, an action for a negligent wrong, the measure of damages would be the damages that proximately flow or arise as the direct and proximate result of the wrong, or such as

could have been reasonably foreseen and anticipated by the defendant. (But this case, although it is being tried as an action for damages, partakes to some extent of the nature of a proceeding for condemnation, for the reason that both sides agree that permanent damages shall be assessed in this case, that is, that whatever the plaintiffs shall recover shall represent past damages, present damages, and prospective damages, and when the case is tried on that theory, and the judgment is signed—in the event you allow the plaintiffs' damages—the effect of it will be to grant the defendant, the city of Hickory, a perpetual easement to maintain its drainage system as it now is, without enlarging it, even though it might be necessary to enlarge it, in so far as the plaintiffs' property is concerned, and in that class of cases the law has fixed a rule for the measurement of damages which represents the difference in the market value of the property immediately before the injury was sustained and immediately after it was sustained.)

"(Then, what was the market value of the plaintiffs' property? What was it before the floods of 1934 occurred, assuming that there had been a drainage then sufficient to take care of the rainfall and floods, and then what would be its market value immediately after the floods of 1934, assuming that the defendant, the city of Hickory, has the right to continue its present drainage system, even though it might be ascertained to be insufficient?

"(Now, the amount the plaintiffs are entitled to recover—if you find that they are entitled to recover at all—would be the difference between those two sums. So, I charge you, when you come to answer the third issue, you should answer it in such sum as you may find by the greater weight of the evidence would represent the difference between the market value of the property, as I have defined that to you just before the floods of 1934, assuming that it had drainage sufficient to take care of the overflow and excess water, and what its market value would be after the floods of 1934, assuming that the defendant, the city of Hickory, will acquire at the end of this lawsuit a perpetual right or easement to continue its present drainage system, so far as the plaintiffs' property is concerned, and you are to fix that amount in dollars and cents, as you may find it to be, that is, the difference between those two sums.)"

The defendant duly excepted to the portions of said instructions which are included within parentheses, and assigns same as error.

At the trial, evidence for the plaintiffs showed that their property had been injured by water, resulting from unusual rainfalls, which had overflowed said property during the months of July and August, 1934, because of the inadequate drainage system which the defendant, the city of Hickory, had caused to be constructed within its corporate limits prior to that time. There was no evidence tending to show any subsequent injuries to said property.

Witnesses for the plaintiffs testified that in their opinion plaintiffs' property would have been worth, on 13 January, 1936—the date of the commencement of this action—the sum of $8,000, if the drainage system of the defendant had been adequate to take care of and to carry off the water which overflowed said property during the months of July and August, 1934, but that by reason of the inadequacy of said drainage system, the said property at that date was worth only $1,500 or $2,000. Plaintiffs offered no evidence tending to show the value of their property immediately before or immediately after it was injured by the overflow of water during the months of July and August, 1934.

Witnesses for the defendant testified that in their opinion plaintiffs' property was worth during the months of July and August, 1934, $4,000 to $4,500, both before and after water, resulting from unusual rainfalls, overflowed said property. These witnesses were of the opinion that the injuries to said property, caused by the overflow of water, were temporary and not substantial, and that the value of the property was not affected by such injuries.

The inadvertent statement by the court in its instructions to the jury with respect to the third issue, in effect, that witnesses for the plaintiffs had testified that in their opinion plaintiffs' property before it was injured by the floods of 1934 was worth $8,000, and that after said floods it was worth not to exceed $2,000, when taken in connection with the instruction as to measure of damages which the jury should apply in this case, was not only erroneous in fact, but was manifestly prejudicial to the rights of the defendant. The instructions, moreover, show that the court was inadvertent to the testimony of witnesses for the defendant as to the value of plaintiffs' property both before and after the floods of 1934. The court failed to refer in its instructions to this testimony. This was likewise prejudicial to the defendant. Having instructed the jury in accordance with the contentions of the plaintiffs, it was error for the court to fail to instruct the jury in accordance with the contentions of the defendant as to the damages, if any, which the plaintiffs are entitled to recover on their first cause of action.

For error in the instructions of the court to the jury with respect to the third issue, the defendant is entitled to a new trial of said issue. It is so ordered. See *Lumber Co. v. Branch,* 158 N. C., 251, 73 S. E., 164, where it is said by *Walker, J.:* "It is settled beyond controversy that it is entirely discretionary with the court, Superior or Supreme, whether it will grant a partial new trial. It will generally do so when the error, or reason for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication."

Partial new trial.