CHARLES W. HUFF *et al. vs.* ALBERT H. KNIGHT.

MAY 29, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

FLYNN, C. J. This is an action in assumpsit based upon the common counts for money had and received. It was brought by the plaintiffs, as vendees in possession of a farm under their written contract with the defendant for the purchase thereof, to recover payments made by them on account of the purchase price under the contract, and for other disbursements for improvements made by them during their occupation of the farm, covering a period of eight and a half years.

The first trial resulted in a decision for the plaintiffs for $3,817.06, representing the full amount of their then alleged payments and disbursements, with interest from the date of the writ. To this decision the defendant excepted and prosecuted his bill of exceptions to this court, claiming that the refusal of the trial justice to permit him to recoup the reasonable rental value of the premises was reversible error. This court thereupon sustained this exception and ordered a new trial, *Huff* v. *Knight*, 54 R. I. 370. In that opinion

the important facts are sufficiently set forth and need not be repeated.

At the new trial, before a justice of the superior court sitting without a jury, a decision was rendered in favor of the plaintiffs for the total amount of $1,395.50, made up as follows: $3,050, which was agreed upon by the parties as the total amount of their payments under the contract and their disbursements for improvements, less a total deduction of $1,912.50, which the trial justice found was the reasonable rental value of the premises during the whole period of occupation, at the rate of $225 per year, leaving a net balance of $1,137.50, to which was added interest thereon from the date of the writ, or $258, making the above total of the decision. To this decision the plaintiffs and the defendant duly excepted, and the case is before us on the two bills of exceptions prosecuted respectively by the plaintiffs and by the defendant.

The plaintiffs restrict themselves in their brief and argument to the single exception to the refusal of the trial justice, in his decision, to allow them interest on the various amounts paid by them on account of the purchase price and expended for improvements to the premises. They urge that interest from the dates of payments is recoverable in an action for money had and received, and in support of this contention they cite 41 C. J. 72, 73; *Frank* v. *Worth*, 129 Me. 162; and 2 Restatement of the Law, Contracts, § 347 (2). While these citations support, in a general way, the proposition that interest from the date of payment is recoverable in a proper case, nothing in any of them requires us to hold that such interest is recoverable in *all* cases, or particularly in such a case as is presented here.

The authorities upon this subject are not in entire harmony, but the rule, as stated according to the weight of authority in 41 C. J. 72, § 81 under "Interest", seems to be: " . . . the majority of American decisions recognize the right to recover interest, *while attaching some qualifications*

*to this right,* and the better view seems to be that whether interest shall be recovered must depend upon the justice and equity of the case." (Italics ours.)

Moreover, the cases which have come to our attention, through our own research, all seem to recognize the principle that interest is awarded, in this type of case, in order to do justice between the parties, as far as the equities and particular facts of each case reasonably will permit. We have found no case where interest from the dates of payments has been allowed to a vendee, in his action for recovery of payments made under a contract for the purchase of land, where, as here, (1) the vendee has been in possession from the date of the written contract; and (2) the allowance of such interest upon repayment by the vendor in case of the latter's breach, was not mentioned in or made a part of the consideration of the contract; and (3) the vendees themselves were in default in payments under the contract, although subsequent to the breach by the vendor; and (4) the evidence as to dates of certain payments was not entirely clear and the payments were in varying amounts, made at irregular times, over a long period of years; and (5) where the amount of the surplus of the payments made by the vendee over and above the rental value of the premises was not capable of being fixed before trial.

In the instant case, notwithstanding their own subsequent default under the contract, the plaintiffs were permitted to recover payments made by them on account of the purchase price, because of the anterior breach by the vendor in mortgaging the property which he had agreed to convey to the plaintiffs free and clear of incumbrances. However, we are of the opinion that the default of the plaintiffs must be considered, with all of the other circumstances, upon the issue of whether they are entitled equitably to recover interest from the dates of their various and varying payments.

In any event, the amount upon which the interest must be figured was not ascertained and fixed until the trial of the case. Conceivably, the defendant might have recouped an amount sufficient to entirely extinguish the indebtedness. Until the amount of the rental value had been fixed upon evidence, in accordance with the previous opinion, *supra,* the surplus upon which interest would be chargeable was not sufficiently liquidated or fixed, with relation to the dates of payments, as to form a proper basis for computing interest from the dates of such payments.

In addition, the evidence of the payments and expenditures actually made do not seem to tally with the total amount thereof, agreed upon by the parties, leaving further uncertainty as to certain amounts and dates from which interest would be computed, if we adopted the rule urged upon us by the plaintiffs. Moreover, the allegations of the count for interest is based upon the withholding or forbearance of suit, whereas the evidence in this case clearly indicates there was no such forbearance. The evidence of the plaintiffs shows that they did not know of the vendor's breach; that they had not rescinded the contract but continued to make payments under it and to occupy the premises; that they made no demand for repayment until shortly after eviction by one who purchased title, at foreclosure sale under a mortgage, placed previously by the defendant in breach of his contract. Under the existing circumstances, it seems to us that rescission of the contract and demand for repayment took place, in substantial effect, when the plaintiffs began this action for money had and received. We are of the opinion, therefore, that the trial justice was not in error in refusing to allow interest, except from the date of the writ.

The defendant, upon his bill of exceptions, urges that the decision of the trial justice was clearly wrong in refusing, upon the evidence, to allow more than $225 per year as the reasonable rental value of the premises, and argues for

a total rental value which would wholly extinguish the plaintiffs' claim. The evidence upon which the trial justice found that $225 per year was a reasonable rental value for these premises, during the period of occupation, was based upon expert testimony, which was in sharp conflict, and upon a view of the farm taken after the evidence was completed. The testimony of the defendant's experts, including the defendant himself, who was a real estate operator, tended to show that the fair rental value during this period would have been thirty to forty dollars per month. On the other hand, the experts for the plaintiffs testified that a rental value of ten to twelve dollars per month would be reasonable, considering the size, location and character of the farm, and its lack of certain improvements.

The evidence seems clear that the house had no electric current, no bathroom fixtures or toilet facilities inside the house; no water in the house, except through a hand pump drawing water from an outside well; and a comparatively small amount of land upon which one man could hardly make an adequate living at farming; and that the property was more or less inaccessible, or inconvenient to transportation to nearby towns or cities. Such improvements as were present at the time of the trial were largely placed therein by the plaintiffs. The general condition of the house at the time of the trial indicates that the plaintiffs had allowed considerable depreciation to take place in its condition, at least in the later years of their occupation. The trial justice viewed the premises, after hearing the evidence, and apparently tried to reach a basis which would be fairly supported by the evidence. In doing so, he refused to accept the extreme views of either group of experts. The defendant argues that he should have given more consideration to the condition of the property as it was when first occupied by the plaintiffs. However, we are of the opinion that, under all of the circumstances and evidence presented in this case, the finding by the trial justice as to the reason-

able rental value of the premises was not clearly wrong. In accordance with our established practice, therefore, the defendant's exception in this regard must be overruled. *Antociccio* v. *Stanley,* 58 R. I. 118.

The defendant's second exception relates to the trial justice's refusal to permit another expert witness to testify, because of his alleged lack of qualifications. The determination of his qualifications, and his ability to assist the trial justice in the circumstances, was largely within the latter's discretion. From the facts and record before us, we cannot say that his ruling was prejudicial and the defendant's second exception is therefore overruled.

For the reasons stated, all the exceptions of the plaintiffs and of the defendant are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Justin P. McCarthy,* for plaintiff.

*James O. McManus, Joseph W. Grimes,* for defendant.