ADAIR LIEB v. DR. JEROME MAYER.

(Filed 17 October, 1956.)

**1. Appeal and Error § 28—**

An assignment of error not set out in the brief is taken as abandoned. Rule of Practice in the Supreme Court No. 28.

**2. Trial § 21—**

Where plaintiff's evidence is sufficient to establish a tort and to show that plaintiff is entitled to recover nominal damages at least, nonsuit is not the proper procedure to present the contention that there is not a scintilla of evidence upon which the jury could base their verdict as to the amount of damage, since nonsuit cannot be properly allowed if plaintiff is entitled to a recovery in any view of the facts which the evidence reasonably tends to establish.

**3. Damages § 12—**

Damages are never presumed, but the burden is always upon the complaining party to establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule, and when

compensatory damages are susceptible of proof with approximate accuracy, they must be so proven even in actions of tort.

**4. Same—**

Damages to a car resulting from a collision are susceptible of proof with approximate accuracy, and when plaintiff's evidence is confined solely to general statements as to where the car was hit and mashed in, without evidence as to the value of the car before or after the collision or the cost of repair, such evidence will not justify a verdict for substantial damages.

**5. Damages § 13a—**

Where plaintiff seeks to recover for personal injuries and damage to her car resulting from a collision, but offers no evidence as to damages to the car which would justify a verdict for substantial damages, an instruction on the issue of damages that the jury should ascertain the damage to plaintiff's automobile and damage to her person, and add the two sums together, must be held for prejudicial error, it being impossible to tell the amount of damages, if any, the jury awarded for injury to plaintiff's car.

**6. Appeal and Error § 54—**

Where error relates solely to the issue of damages without affecting the other issues, the Supreme Court in its discretion may award a partial new trial limited solely to the issue of damages, the issues being separable and there being no danger of complication.

JOHNSON, J., not sitting.

APPEAL by defendant from *Bone, J.,* April Civil Term 1956 of LENOIR.

Civil action for personal injuries and damage to an automobile resulting from a collision of two motor cars.

Upon issues not excepted to, the jury found for its verdict that plaintiff was injured by the negligence of the defendant, and that plaintiff was free from contributory negligence. The third issue submitted was, "what damages is the plaintiff entitled to recover?", which issue the jury answered $6,250.00.

Judgment was entered upon the verdict, and defendant appeals.

*J. Harvey Turner for Plaintiff, Appellee.*
*White & Ayrock for Defendant, Appellant.*

PARKER, J. Defendant has in the record one assignment of error as to the admission of evidence. Since this assignment of error is not set out in his brief, it is taken as abandoned by him. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 544 (also printed with annotations in G.S. 4 A. p. 155 *et seq.*); *Reynolds v. Earley,* 241 N.C. 521, 85 S.E. 2d 904.

Defendant assigns as error the failure of the trial court to allow his motion for judgment of nonsuit made at the close of plaintiff's case,

and renewed at the conclusion of all the evidence. However, defendant concedes in his brief there was sufficient evidence to carry the case to the jury for personal injuries to plaintiff, but contends here that his motion should have been allowed for damages to the automobile because there is not a scintilla of evidence upon which the jury could base a verdict as to the amount of damages to the plaintiff's automobile. However, plaintiff's evidence, which will be set out hereafter, tends to show that plaintiff is entitled to recover nominal damages to her car. *Moore v. Daggett,* 129 Me. 488, 150 A. 538. The Record shows that in the trial court the motions for judgment of nonsuit were made as to the whole case. This Court said in *Graham v. Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757: "A motion for a compulsory nonsuit cannot rightly be allowed unless it appears, as a matter of law, that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish." The trial court properly refused to nonsuit the plaintiff.

All of defendant's other assignments of error, except those that are formal, relate to the charge on the third issue as to damages. Defendant assigns as error this part of the charge as to the third issue: "Now, gentlemen of the jury, in making your answer to the third issue, if you find that plaintiff is entitled to recover, you would first seek to ascertain the damage to her automobile and then the damage to her person, and add the two sums together and the total of the two would be the amount which you would write in as your answer to the third issue."

This is all of the evidence in respect to the damage to plaintiff's automobile: Plaintiff's testimony on direct examination. She owned a 1952 Chrysler. She, with her husband seated beside her, had backed her car almost to the end of the driveway in her yard. Defendant's car, driven by him, jumped the curb at her neighbor's lawn, came across a double driveway, and slammed into her car pushing it about 8½ feet from where it was. Plaintiff's testimony on cross-examination: "I looked at my car after the collision. The Chrysler's lefthand rear door was mashed in, the complete left rear fender was mashed in and the left rear wheel was about like that (indicating), and the fender was all crushed into the wheel and tire part from the beginning of the lefthand rear door to the back of my car. In speaking of beginning at the door, I mean the forward part of it, next to the front door, and that little piece that divides the body of the automobile between the two doors. That was mashed in. The impact took place on the left rear door, left fender, and the left wheel." Her husband's testimony was to the effect that defendant's car crashed into the side of his wife's car pushing it about 8½ feet; that the collision was in June, and repairs on it were made around September. Patrolman Wesley Paris, a witness for the

defendant, testified he saw the plaintiff's car which was damaged on the left side and toward the rear.

There is no evidence as to the value of plaintiff's car before the collision or as to its condition at that time. Had it ever been in a collision before this time? How many miles had it been driven? What was its value after the wreck? What was the cost of repairs? The evidence gives no answer. It is plain that plaintiff's evidence makes out a case for the recovery of nominal damages to her car, *Moore v. Daggett, supra,* but her evidence fails to show adequate facts upon which a substantial recovery for damages to her car can be based. Damages are never presumed. The burden is always upon the complaining party to establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule. *Berry v. Lumber Co.,* 183 N.C. 384, 111 S.E. 707; *Rice v. Hill,* 315 Pa. 166, 172 A. 289.

In *Norwood v. Carter,* 242 N.C. 152, 87 S.E. 2d 2, the Court said: " 'Where actual pecuniary damages are sought, there must be evidence of their existence and extent, and some data from which they may be computed. No substantial recovery may be based on mere guesswork or inference; without evidence of facts, circumstances, and data justifying an inference that the damages awarded are just and reasonable compensation for the injury suffered.' 25 C.J.S. 496." The continuation of the last above sentence quoted from C.J.S. reads: "and when compensatory damages are susceptible of proof with approximate accuracy and may be measured with some degree of certainty, they must be so proved even in actions of tort." That damages to an automobile are susceptible of proof with approximate accuracy is not debatable.

The jury was left to guess at a verdict for damages to plaintiff's car from mere general statements or vague and indefinite testimony. Such evidence, as we have here, will not justify a verdict for substantial pecuniary damages to her car. *Rankin v. Helms, ante,* p. 532, 94 S.E. 2d 651; *Transport Co. v. Ins. Co.,* 236 N.C. 534, 73 S.E. 2d 481; *Mills v. Moore,* 219 N.C. 25, 12 S.E. 2d 661; *Rice v. Hill, supra; Crowley v. Snellenburg,* 89 Pa. Super. 263; *Smith v. Calley,* 103 Cal. App. 735, 284 P. 974; *Tingler v. Lahti,* 87 W. Va. 499, 105 S.E. 810.

Due to the insufficiency of the evidence to support a verdict for substantial damages to plaintiff's car, we are compelled to hold that the trial judge committed prejudicial error in instructing the jury that they could award substantial damages for injury to plaintiff's car. Of course, it is impossible to tell the amount of damages, if any, the jury awarded for injury to plaintiff's car. However, they may have awarded substantial damages, for they had an opportunity to do so under the judge's charge, and, such being the case, we think that the defendant is entitled to a partial new trial on the issue of damages alone.

We perceive no good reason why the plaintiff should again be put to trial on the first and second issues. The statement of *Walker, J.,* for the Court in *Lumber Co. v. Branch,* 158 N.C. 251, 73 S.E. 164, has been quoted many times by us with approval: "It is settled beyond controversy that it is entirely discretionary with the Court, Superior or Supreme, whether it will grant a partial new trial. It will generally do so when the error, or reason for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication." This case comes within the rule stated by *Justice Walker* as to when a partial new trial will be ordered, and in awarding a partial new trial upon the issue of damages alone, we find precedents in our following decisions: *Hinson v. Dawson,* 241 N.C. 714, 86 S.E. 2d 585; *Journigan v. Ice Co.,* 233 N.C. 180, 63 S.E. 2d 183; *Pinnix v. Griffin,* 221 N.C. 348, 20 S.E. 2d 366; *Jackson v. Parks,* 220 N.C. 680, 18 S.E. 2d 138; *Messick v. Hickory,* 211 N.C. 531, 191 S.E. 43; *Gossett v. Metropolitan Life Ins. Co.,* 208 N.C. 152, 179 S.E. 438; *Johnson v. R. R.,* 163 N.C. 431, 79 S.E. 690, Ann. Cas. 1915 A 598; *Rushing v. R. R.,* 149 N.C. 158, 62 S.E. 890.

A new trial is ordered in this case, limited, however to the issue of damages.

Partial new trial.

JOHNSON, J., not sitting.