WILLIAM A. BUNDY v. CABARRUS COUNTY BOARD OF EDUCATION

No. 6919IC162

(Filed 23 July 1969)

**1. State § 8— school bus accident — sufficiency of findings by Industrial Commission**

In this action for damages resulting from a collision between plaintiff's automobile and defendant's school bus, the Industrial Commission did not err in failing to make additional findings of fact requested by defendant, although the evidence would support such findings and such findings would support the conclusion that plaintiff was contributorily negligent, where the evidence is conflicting and the facts found by the Commission are pertinent to the issues and are ample to determine the dispute and support the award to plaintiff.

**2. State § 10— sufficiency of findings by Industrial Commission**

The Industrial Commission is not required to make a finding as to each detail of the evidence or as to every inference or shade of meaning to be drawn therefrom.

**3. Damages § 15; State § 9— school bus accident — medical expenses — sufficiency of evidence**

In this action for damages resulting from a collision between plaintiff's automobile and defendant's school bus, Industrial Commission award of $5,000 as compensation for pain and suffering, loss of wages, medical expenses and damages to plaintiff's automobile is not rendered invalid by fact that plaintiff's evidence fails to show the exact amount of medical expenses arising from the accident in that it includes a doctor's bill covering treatment for a pre-existing back injury as well as treatment for a neck injury received in the accident, where the evidence shows specific dates of treatment by the doctor for plaintiff's neck injury, such evidence establishing some data from which the medical expenses relating to the injury caused by the accident could be established by the Commission.

APPEAL by defendant from the Full Industrial Commission from order entered on 2 January 1969.

This is an action by plaintiff brought under the provisions of G.S. 143-291, to recover for personal injuries and property damage arising out of a collision which occurred on 17 November 1966 involving plaintiff and a school bus driven by Terry Sanders.

Decision and order by Forrest H. Shuford, II, was filed on 15 August 1968. In this order the school bus driver employed by the defendant was found to be negligent, the plaintiff was found to be free from contributory negligence and allowed a recovery in the amount of $5,000 for pain and suffering, loss of wages, medical expenses, and damages to his automobile. On 11 October 1968, defendant made application for this order to be reviewed by the Full Com-

mission, and on 9 December 1968 defendant made motions to correct the decision, and order, and for additional findings of fact. The latter motion was amended on 12 December 1968. Decision and order of the Full Commission filed on 2 January 1969 denied the defendant's motions and affirmed the findings of fact and conclusions of Commissioner Shuford and adopted them as its own. The findings of fact and conclusions were as follows:

## "FINDINGS OF FACT

1. On 17 November 1966, at approximately 3:15 P.M., plaintiff drove his 1962 Chevrolet station wagon at a speed of approximately 40 miles per hour in a southerly direction on U.S. Highway Number 29 in Cabarrus County. Such highway had two lanes for southbound traffic and two lanes for northbound traffic. The north and southbound lanes were separated by a median strip.

2. While so driving upon the highway, plaintiff drove from the right southbound lane to the left southbound lane, he intending to make a left turn further down the highway. In the left southbound lane, plaintiff drove to the rear of a truck which was loaded with cotton. While so following the truck, plaintiff approached the intersection of Highway 29 and U.S. Highway 29-A, which intersected from the plaintiff's right or west side at an angle. Highway 29 was a dominant highway and Highway 29-A was a serving (sic) highway, there being Stop signs at the entrance of Highway 29-A into Highway 29.

3. A school bus being driven by Terry Sanders, an employee of defendant, who was paid from the State Nine Months' School Fund and who was acting within the scope and course of his employment, stopped at the entrance of Highway 29-A into Highway 29 as plaintiff approached such intersection. Traffic was extremely heavy at such intersection, making it almost impossible for the school bus to enter the intersection and turn north on Highway 29 as the driver intended to do. Despite such heavy traffic the school bus was driven past the Stop signs into Highway 29 and towards an opening in the median strips which separated the north and southbound lanes of traffic on Highway 29. The school bus stopped between the median strips with the rear of the school bus sticking out on Highway 29. The rear of the school bus almost completely blocked the left southbound lane of Highway 29.

4. As the school bus entered Highway 29 the truck in front of

plaintiff was driven to the right and into the right southbound lane thus exposing to plaintiff's view for the first time the school bus which was at such time being brought to a stop in such a position as to block the left southbound lane.

5.  Upon being confronted with such situation, plaintiff attempted to bring his motor vehicle to a stop, he being unable to turn from the left southbound lane because of the heavy traffic. He was unable to bring his station wagon to a complete stop before the front of his motor vehicle struck the left rear of the school bus. Such collision occurred in plaintiff's lane of traffic upon the highway.

6.  The school bus driver by entering the dominant road when such could not be done in safety and by causing or allowing the school bus to block one of the lanes of traffic on the highway failed to do that which and did other than a reasonably prudent person would have done under the same or similar circumstances. This constituted negligence upon his part and such negligence was the proximate cause of the accident giving rise hereto and the damages sustained by plaintiff.

7.  Plaintiff acted the same as a reasonably prudent person would have done under the same or similar circumstances and there was no contributory negligence upon his part.

8.  Following the accident, plaintiff was carried to a hospital where he was seen by a physician who later referred him to Dr. Lewis Curlee, orthopedic surgeon. Plaintiff was suffering from a neck injury and on 27 November 1966 he was hospitalized by Dr. Curlee. Plaintiff was released from the hospital on 12 December 1966 with a cervical collar which had been prescribed by the doctor. Plaintiff recovered sufficiently to return to work on 2 January 1967.

9.  Plaintiff continued to have trouble with his neck and was out of work for another week or two in March and for two additional weeks in May, 1967, when he was again hospitalized by Dr. Curlee. Plaintiff also had an arthritic condition of the back which was a condition of long standing and was unrelated to the accident giving rise to this claim.

10.  As a result of the accident giving rise hereto, plaintiff incurred pain and suffering, loss of wages from his $60.00 per week job with Cannon Mills, medical expenses, and damage to his station wagon. By reason of such things, he was damaged in the total amount of $5,000.00."

## "CONCLUSIONS OF LAW

1.   There was negligence upon the part of the above-named employee of defendant while acting within the scope and course of his employment, such employee being paid from the State Nine Months' School Fund. The negligence of such employee was the proximate cause of the accident giving rise hereto and the damages sustained by plaintiff.

2.   There was no contributory negligence upon the part of plaintiff.

3.   As a result of the negligence of the employee of defendant, plaintiff was damaged in the total amount of $5,000.00 and he is entitled to recover such amount from defendant. G.S. 143-291, et seq."

Defendant excepted to this order of the Full Commission and appealed to this Court.

*Irvin and Irvin by E. Johnston Irvin for plaintiff appellee.*

*Attorney General Robert Morgan by Staff Attorney Richard N. League for defendant appellant.*

MORRIS, J.

In its motion for additional findings of fact, the defendant requested the Full Commission to find that plaintiff followed a truck loaded with cotton at a distance of 3½ car lengths until immediately before the collision occurred; that plaintiff was familiar with this intersection and knew it was heavily congested at this time of day, and that plaintiff failed to reduce his speed even though he knew it was impossible for cars on 29-A (the servient highway) to cross the intersection in a continuous movement; and that the weather at the time of this accident was fair and the road was dry. In his amendment to the motion for additional findings of fact defendant requested the Commission to find that the plaintiff was traveling at a speed of 40 miles per hour until he sighted the school bus. Defendant argues that the Full Commission was compelled to find these facts, and that these facts constitute contributory negligence by the plaintiff as a matter of law.

[1, 2]   It is clear that the Commission could have found these facts to be the facts of this case and, based upon these facts, the Commission could have found that the plaintiff was contributorily negligent. However, the Commission was not bound to make this determination. "The facts found (by the Commission) are pertinent

to the issues and are ample to determine the dispute and support the award." *Parsons v. Board of Education,* 4 N.C. App. 36, 165 S.E. 2d 776. The Industrial Commission is not required to make findings co-extensive with the credible evidence. *Parsons v. Board of Education, supra.* "The commission is not required to make a finding as to each detail of the evidence or as to every inference or shade of meaning to be drawn therefrom." *Guest v. Iron & Metal Co.,* 241 N.C. 448, 85 S.E. 2d 596. Moreover, the evidence concerning the occurrences surrounding this accident is not without conflict. At the time of the accident, the plaintiff was traveling on a dominant highway at a speed of 40 miles per hour. The speed limit of the highway upon which he was traveling is not set out in the record. Plaintiff testified:

> "He (the school bus driver) come out of the side road there, coming off of 29-A and pulled right straight out in front of me and I looked at my speedometer and I was at Trucker's Center and I was doing 40 miles an hour and just as the truck pulled across he pulled — was coming across the lane in front of me, and I slammed on brakes and locked all four wheels . . ."

Further, plaintiff stated he first saw the school bus just as the truck loaded with cotton passed the intersection, and that when he first saw the bus the front end of it had come across the road. We think this evidence amply supports the finding of fact No. 7 and conclusion of law No. 2 pertaining to the plaintiff's contributory negligence. This testimony also supports the findings and conclusions pertaining to the negligence of the school bus driver.

**[3]** Finding of fact No. 10 states that the plaintiff incurred pain and suffering, loss of wages, medical expenses, and damages to his automobile. And, by reason of these things he was damaged in the amount of $5,000. Defendant argues that this finding is invalid because from the evidence the amount of the medical expenses arising from this accident was not made clear. Plaintiff produced a bill from a Dr. Curlee, along with other medical bills, in the amount of $952, which plaintiff stated was for treatment of injuries to his neck resulting from this accident. However, Dr. Curlee, on cross-examination, stated that at the time he was treating the plaintiff for this neck injury, he was also treating him for a back injury unrelated to this accident, and that the bill for $952 included fees for both services. Dr. Curlee stated that it would be difficult to separate these charges, apparently, because both services were administered during the same visits.

In *Lieb v. Mayer,* 244 N.C. 613, 94 S.E. 2d 658, the rule was

stated: "Where actual pecuniary damages are sought, there must be evidence of their existence and extent, and some data from which they may be computed." In this last cited case a partial new trial was ordered because of the insufficiency of the evidence pertaining to damages to the plaintiff's vehicle. The evidence only showed that the plaintiff's car had been "mashed in" around the left rear door and fender. In the Court's own words there was no evidence "as to the value of the plaintiff's car before the collision or as to its condition at that time. Had it ever been in a collision before this time? How many miles had it been driven? What was its value after the wreck? What was the cost of repairs?" We think the present case is distinguishable from the *Lieb* case. While we do not have evidence of the exact amount of Dr. Curlee's services for the treatment of the plaintiff's neck, we do have the amount of the total bill owed by plaintiff to Dr. Curlee for treatment from the date of the accident until Dr. Curlee released plaintiff on 16 December 1967. The evidence also shows that Dr. Curlee treated the plaintiff for injuries to his neck on a daily basis following the accident until 27 November 1966, at which time the plaintiff was hospitalized, for this neck injury, until 12 December 1966. Plaintiff was again hospitalized by Dr. Curlee for treatment of his neck on 12 May 1967 for a period of 16 days. Plaintiff was hospitalized by Dr. Curlee from 3 August 1967 to 1 September 1967, and from 28 November 1967 until 16 December 1967 for treatment of his back and neck.

We think these facts establish some data from which the medical expenses relating to the injury caused by this accident could be established by the Full Commission. Therefore, while we agree with the rule set forth in the *Lieb* case, we do not think this case is governed by the holding of that case because of factual distinctions. The order and award of the Industrial Commission is

Affirmed.

CAMPBELL and BROCK, JJ., concur.