R. W. BERRY ET AL. v. HYDE COUNTY LAND AND LUMBER COMPANY.

(Filed 26 April, 1922.)

**1. Pleadings—Contracts—Torts—Consistency.**

Where the complaint in an action for damages alleges that the defendant wrongfully dug a canal so as to interfere with plaintiff's right of ingress and egress to and from his lands, without providing a passway thereto, and it appears that the defendant had the right to dig the canal

BERRY *v.* LUMBER CO.

under agreement with the plaintiff, which he has set up in his answer, the allegation in the replication that the defendant had failed to construct the road as agreed is not inconsistent with the allegation in the complaint, upon the theory that the former alleged a cause *ex delicto* and the latter *ex contractu*, the alleged tort being founded upon the alleged breach of contract.

**2. Same—Nonsuit—Trials.**

Where there is a variation between the complaint alleging a cause founded upon tort, and a replication alleging it to have arisen *ex contractu*, the former relating to the latter, it is a proper subject for special instruction upon the supporting evidence, and not a valid cause for nonsuit.

**3. Instructions—Contracts—Breach—Damages—Burden of Proof.**

Where there is allegation and evidence of damage to the plaintiff's land and to his crop for the wrongful closing of his ingress and egress to and from his land by the defendant, the burden of proof as to the amount of compensatory damages is upon the plaintiff, though he may be entitled to recover nominal damages for a technical breach of contract, etc., and it is required of the trial judge to charge the law relating to the evidence in the case with clearness and certainty, so that the jury will not be confused or misled, either as to the measure of damages or the burden of proof.

APPEAL by defendant from *Allen, J.,* at July Term, 1921, of HYDE.

Plaintiffs were joint owners of a tract of land containing about 525 acres, bounded on the east by the Gibbs canal and on the north by the Poplar Ridge road. Defendant entered into a written agreement with the plaintiffs by which the defendant acquired the right to enter on plaintiffs' land and to widen, deepen, maintain, and use the canal. Plaintiffs gave their consent "for the closing by the proper legal authorities of Hyde County of the public road known as the 'Poplar Ridge road,' leading from the Juniper Bay road to the eastern line of the canal above mentioned, provided the Juniper Bay road shall be established leading from the point on railroad bed to a road where the railroad bed crosses it along said railroad bed to a point on or near said canal on the Murray farm, and thence on the east side of said canal to the point where the Poplar Ridge road above mentioned now crosses the line of said canal, and which by the terms of this agreement is to be closed." Plaintiffs alleged that defendant wrongfully dug the canal to a depth of 8 feet and extended its width to 40 feet across the Poplar Ridge road and obstructed plaintiffs' right of ingress and egress, without providing a passway to plaintiffs' land; and that defendant has thereby impaired the value of the plaintiffs' land and caused the destruction of their crop. They assess their loss at $6,465. Defendant denied the material allegations of the complaint, and pleaded the contract referred to, and other defenses. Plaintiffs filed a replication alleging a breach of the contract by defendant in failing to construct the road as agreed.

25—183

BERRY *v.* LUMBER CO.

The court submitted four issues, based upon the contract, the defendant's alleged breach, and damages to the plaintiffs' crops and land, and these issues were answered in favor of the plaintiffs. Judgment, and appeal by defendant.

*Spencer & Spencer and Clifton Bell for plaintiffs.*
*Mann & Mann and Small, McLean, Bragaw & Rodman for defendant.*

ADAMS, J.   The defendant insists that the complaint and the replication are inconsistent; that in the former the cause of action is *ex delicto,* and in the latter *ex contractu;* and that the issues submitted by the court relate, not to the tort, but to the defendant's alleged breach of contract. At the trial the defendant tendered issues drafted upon allegations in tort, and contends here that the plaintiffs have abandoned the cause of action stated in the complaint and now rely solely upon the replication. It is true, as argued by the defendant, that a party may not be allowed in the course of litigation to maintain radically inconsistent positions, or to state one cause of action in the complaint and in the replication another which is entirely inconsistent.   C. S., 525; *Lindsey v. Mitchell,* 174 N. C., 458.   But in our opinion this principle is not available to the defendant as ground either for a nonsuit or for a new trial.   As we understand the contract, the pleadings, and the evidence, particularly the testimony of the defendant's manager, it was in the contemplation of the parties that the defendant should construct or cause to be constructed the road called for in the contract; and the allegation and contention that the defendant wrongfully interfered with the plaintiffs' right of ingress and egress is ultimately dependent on the question whether the defendant complied with its contract as to the construction of the road.   In the complaint the plaintiffs allege that the defendant wrongfully increased the width and depth of the canal, and thereby interfered with their right of ingress and egress "without providing plaintiffs with a passway to their land."   Since the plaintiffs expressly agreed to the change in the canal, the allegation, when reasonably construed, appears to mean that the defendant interfered with the right of ingress and egress by failing to construct the road described in the contract.   In the determination of this ultimate question it is immaterial, so far as the issues are concerned, whether the alleged cause of action be referred to technically as *ex delicto* or *ex contractu.*   We think, therefore, that his Honor properly declined to dismiss the action as in case of nonsuit.   If there is a variance between the complaint and the replication, such variance may be a proper subject for special instructions, but is not a valid cause for nonsuit.   *Edwards v. Erwin,* 148 N. C., 433.

The defendant, however, is entitled to a new trial for error in his Honor's instructions as to the third and fourth issues. The burden upon each of these issues was on the plaintiffs. Even if the answer to the first and second issues entitled the plaintiffs to nominal damages, still upon them rested the burden of showing by the greater weight of the evidence the *quantum* of compensatory damages, if any, to which they were entitled. The learned judge who tried the case inadvertently failed clearly to define the rule for the admeasurement of damages as to the crops or the land. For breach of contracts or injuries to property the true measure of damages should be set forth with such degree of clearness and certainty that the jury will not be confused or misled. 17 C. J., 1061; 8 R. C. L., 661; *Coles v. Lumber Co.,* 150 N. C., 190; *Cherry v. Upton,* 180 N. C., 1. Neither the instruction concerning "serious damage to the crops" nor the instruction concerning the "material and serious damage or material depreciation of the value of the land" embodies a clear statement of the rule, and it is impossible to know whether the damages were or were not properly awarded. The jury should clearly understand whether the damages to be assessed on the fourth issue are permanent or temporary in character, and in either event the proper rule should be applied. Moreover, the fourth issue should be framed so as to show definitely, as the evidence and pleadings may warrant, whether the damages are permanent or recurring. *Ridley v. R. R.,* 118 N. C., 996; *Parker v. R. R.,* 119 N. C., 686; *Brown v. Chemical Co.,* 165 N. C., 421.

It is also doubtful whether the jury comprehended the instruction that his Honor intended as to the burden of proof, especially on the fourth issue.

Since a new trial is granted for the reasons assigned, it is unnecessary to discuss the several exceptions relating to the admission and rejection of evidence.

New trial.