CHARLIE CRAIN AND WIFE, MARY BELL CRAIN, v. J. H. HUTCHINS AND J. C. RAMSEY, TRUSTEE.

(Filed 30 October, 1946.)

**1. Mortgages § 30b—**

Where the purchaser of notes secured by a deed of trust seeks foreclosure and also recovery for improvements placed on the property under trustor's agreement to convey the equity of redemption to him, his failure to establish a valid contract to convey does not defeat his right to foreclosure upon default, the contract to convey being relevant only to the issue of improvements.

**2. Same—**

Anyone may purchase negotiable notes secured by a deed of trust without giving rise to the defense of voluntary payment.

**3. Betterments § 7—**

The purchaser of notes secured by a deed of trust who seeks to recover for improvements placed upon the lands by him under an agreement by the trustor to convey, has the burden of proof on the issue.

**4. Trial § 31d: Appeal and Error § 39h—**

A charge which fails to instruct the jury as to the burden of proof upon one of the issues must be held for prejudicial error, since the burden of proof is a substantial right.

APPEAL by plaintiffs from *Alley, J.*, at April Term, 1946, of MADISON.

This is a civil action brought by the plaintiffs to cancel two notes of $250.00 each and deed of trust securing same executed by them, and to

restrain foreclosure sale already advertised under said deed of trust, wherein it is alleged that they had paid said notes by performing certain work and furnishing certain articles, under separate contracts, tried upon the following issues:

"1. Did the plaintiffs and the defendant, J. H. Hutchins, enter into an agreement known as the substitute agreement under the terms of which it was agreed that the plaintiffs, by their own labor and own expense for a period of five years would improve the farm of the defendant in the way of cutting ditches, covering up fills, grubbing lands, and clearing lands in consideration that the defendant would pay off and discharge two certain notes owing by the plaintiffs, each in the sum of $250.00? Answer: No.

"2. Did the plaintiffs perform said substitute agreement on their part, as alleged in the complaint? Answer: No.

"3. Did the defendant, J. H. Hutchins, commit a breach of said substitute contract, as alleged in the complaint? Answer: No.

"4. What is the reasonable value of services performed by the plaintiffs for the defendant, Hutchins, if anything, for which the plaintiffs have not been paid? Answer: No.

"5. What is the reasonable value of the corn, hay and other crops furnished the defendant Hutchins by the plaintiffs for which the plaintiffs have not been paid? Answer: No.

"6. In what amount, if anything, are the plaintiffs indebted to the defendant by reason of the payment of the aforesaid notes of $250.00 each? Answer: $500.00, with interest.

"7. In what amount, if any, is the defendant entitled to recover of the plaintiffs on account of improvements of the house on the 17-acre tract? Answer: $300.00."

Upon the answering of the issues as above indicated, his Honor entered judgment to the effect that the defendant, J. C. Ramsey, the trustee therein, foreclose the deed of trust, that the defendant recover of the plaintiffs the sum of $300.00, and that the plaintiffs and the bondsmen be taxed with the costs of the action, to which judgment the plaintiffs objected and excepted, and appealed to the Supreme Court, assigning errors.

*Geo. M. Pritchard for plaintiffs, appellants.*
*Carl R. Stuart for defendants, appellees.*

SCHENCK, J.   The plaintiffs allege that they executed two promissory notes for $250.00 each, secured by purchase money mortgage. The uncontroverted evidence tends to show that defendant Hutchins discounted or "took up" these notes and now owns the same. They are

past due. While the plaintiffs allege payment the jury resolved that issue against them.

So then it appears that defendant Hutchins holds two unpaid, past-due notes of plaintiffs which are secured by mortgage lien on land. Therefore there is no reason why the decree of foreclosure should not be affirmed.

While it is true that defendant failed to prove that the *feme* plaintiff joined in any contract to convey the *locus* to defendant, this allegation is made as a foundation for defendant's claim for improvements and has no proper relation to the mortgage indebtedness. However, the notes are negotiable, and for this reason anyone could purchase without giving rise to the defense of voluntary payment. Hence, the absence of valid agreement to purchase does not defeat the defendant's right to recover on the notes and have a decree of foreclosure to satisfy the amount found to be due thereon.

Among other assignments of error appearing in the record and relied upon by the appellants, is Exception No. 9, which reads: "The Court erred in not defining and explaining the law arising on the seventh issue relating to improvements made by defendant." We are constrained to hold that this assignment of error is well taken. Among other ways, it is contended the charge fell short of the statute requiring "the judge to . . , state in a plain and correct manner the evidence . . . and declare and explain the law arising thereon," G. S., 1-180, his Honor failed to instruct the jury that the law cast upon the defendant the burden of proof of the issue. The issue read: "In what amount, if anything, is the defendant entitled to recover of the plaintiffs on account of improvements of the house on the 17-acre tract"? Since the defendant was seeking a monetary recovery of the plaintiffs, it clearly follows that the burden of proving the right to such recovery was upon the party alleging such right and the amount sought to be recovered under this issue was alleged and sought to be proved by the defendant, and therefore the burden of showing the right to such recovery was upon the defendant. " 'The rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary the burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the Court. *S. v. Falkner,* 182 N. C., 793, and cases there cited.' *Hosiery Co. v. Express Co.,* 184 N. C., 478." *Coach Co. v. Lee,* 218 N. C., 320, 11 S. E. (2d), 341. This omission in the charge was error.

We have examined the other assignments of error set out in the appellants' brief but since there must be a new trial on defendant's claim for improvements, it is not deemed necessary to comment further upon such assignments as they present no new questions of law and are not likely to occur again.

For the error mentioned, the plaintiffs are entitled to a new trial on defendant's claim for improvements, and it is so ordered.

Partial new trial.