GERALD PARIS AND WIFE, MYRTLE FAYE PARIS, v. CAROLINA PORTABLE AGGREGATES, INC.

(Filed 11 October, 1967.)

**1. Courts § 7—**

Appeals in civil actions from the general county courts to the Superior Court are governed by G.S. 7-295, and the statute makes no provision for the filing of a case on appeal or the docketing of the record in the Superior Court until settlement of the case, and therefore when appellant timely serves his case on appeal and appellee files exceptions thereto with request that the judge settle the case, appellee is not entitled to

dismissal for any delay of the judge of the general court in filing the case as settled by him.

**2. Pleadings § 34—**

The test of a right to have allegations stricken from the pleadings is whether the pleader has the right to introduce evidence to support such allegations.

**3. Appeal and Error § 55—**

The denial of a motion to strike will not be disturbed on appeal unless the record affirmatively reveals that the matter sought to be stricken is irrelevant or redundant and that its retention in the pleading will cause harm or injustice if not deleted prior to trial.

**4. Pleadings § 34—**

In an action to recover damages to plaintiff's house from a particular blasting operation, allegations that defendant, in the course of its business in operating its quarry, blasted with dynamite and that such blasting on each occasion seriously shook plaintiff's house, and that a particular explosion was "tremendous," *held* not to warrant defendant's motion to strike.

**5. Appeal and Error § 48—**

The admission in evidence of unsigned carbon copies of letters without evidence that they were made at the same time and by the same mechanical operation as the originals, or evidence that the other party received the originals, while erroneous, cannot be held prejudicial when the contents of the letters were collateral and amounted to mere notice which did not directly concern the issues in the case, and it further appears from the record that the subject matter of the letters was later proved by competent evidence.

**6. Evidence § 43—**

Where a witness is shown to be a building inspector with many years experience relating to damage from dynamite blasts, it will be presumed, in the absence of objection by the opposing party, that the court, in admitting his testimony as to his opinion that the damage to plaintiff's dwelling was caused by dynamite blasting, found that the witness was an expert in the field, even though there is no specific finding by the court that the witness was an expert.

**7. Evidence § 55—**

Where a witness has testified to a certain fact, his testimony that another had made a statement to like effect is competent for the purpose of corroboration.

**8. Trial § 10—**

In admitting expert testimony, a statement of the court to the effect that the witness was experienced and to let him testify amounts to nothing more than a holding that the witness was qualified to give opinion evidence and cannot be held prejudicial as an expression of opinion by the court on the credibility of the witness. G.S. 1-180.

**9. Trial § 13—**

Whether the court will allow a jury view of the premises in question rests in the court's sound discretion, and the court's refusal to allow such jury view will not ordinarily be disturbed.

**10. Negligence § 4; Trespass § 1—**

Allegations sufficient to allege that plaintiff's dwelling was damaged by concussion and vibrations proximately caused by defendant's use of explosives in blasting operations at defendant's quarry are sufficient to state a cause of action, and the fact that plaintiff alleges in other portions of the complaint that defendant was negligent in certain respects does not constitute an election to proceed upon the theory of negligence rather than absolute liability.

**11. Pleadings § 2—**

Where a pleading is sufficient to state a cause of action upon one theory of liability, the fact that it contains other averments pertinent to a different theory of liability is not fatal, and such other allegations may be treated merely as surplusage not requiring proof.

**12. Trespass § 1; Negligence § 4; Trial § 40—**

Where plaintiff's allegations and evidence are sufficient to be submitted to the jury on the issue of liability for damage to plaintiff's dwelling from vibrations from blasting operations, and the complaint also contains allegations with respect to negligence unsupported by evidence, the submission of issues relating solely to absolute liability for blasting operations is proper, since only such issues as are raised by the pleadings and are supported by sufficient competent evidence need be submitted to the jury.

**13. Trial § 34—**

Where the court properly places the burden of proof and correctly states the intensity of proof required, and further instructs the jury that if the weight of the evidence tips the scales in favor of plaintiff to answer the issue in the affirmative, and if the jury were not satisfied from the evidence and by its greater weight to answer the issue in favor of defendant, the instruction will not be held for prejudicial error.

**14. Damages § 4—**

Where plaintiff's allegations and evidence are to the effect that damages to his dwelling resulted from a particular dynamite blast at defendant's quarry, the proper measure of damages is the difference in the market value of the property immediately before and immediately after the explosion complained of, and the court properly instructs the jury that it should consider the evidence offered by plaintiff in regard to the value of the property before the alleged damage by blasting and evidence of such value immediately after the blasting.

**15. Damages § 15—**

The failure of the court to place the burden of proof upon plaintiff to prove the amount of his damages must be held for prejudicial error.

**16. Appeal and Error § 62—**

Where the Supreme Court finds error relating to a single issue, it is discretionary with it whether to order a new trial limited to such issue or a general new trial, and when the assignments of error as to all the issues are so intertwined that the ends of justice will best be met by a new trial on both issues, it will be so ordered.

APPEAL by defendant from *Riddle, S.J.,* 16 January 1967 Special Civil Session of HENDERSON.

Civil action to recover for damages to plaintiffs' house allegedly caused by blasting operations conducted by defendant.

The case originally came on for trial before W. R. Sheppard, Judge of the General County Court of Henderson County, and a jury, at the April 1966 Civil Session. The material portions of plaintiffs' evidence is summarized as follows:

Myrtle Faye Paris, *feme* plaintiff, testified that in 1960 she and her husband moved into their newly constructed home which was located about 1200 or 1300 feet from defendant's quarry. She described the house and stated that on 13 March 1964, at 4:09 P.M. she was standing in the house when it began to shake. She ran to the window and saw reddish-orange smoke coming up from the quarry after the blast. Thereafter, she observed cracks in the wall, ceiling, basement and outside brick wall.

Donies Justus, an experienced building contractor, testified that he was familiar with the Paris house, having roofed it about a year before the alleged damage, and that the house was then in good condition inside and out. In his opinion the house was worth about $18,000 before the damage, and the reasonable market value immediately after the damage would be about $6,000 or $7,000. He said he had repaired buildings damaged by dynamite blast, and in his opinion the damage to the Paris house was caused by dynamite.

Ned Wells, a building contractor with about eighteen years' experience, stated that he had built the Paris house; that he visited the house after the blasting in March 1964 and found many cracks which differed from normal construction cracks. In his opinion the reasonable market value of the house before the blasting in March 1964 was $19,000, and the reasonable market value immediately after the blasting was approximately $8,000.

Plaintiffs introduced other evidence concerning the blasting and damages to their home.

Witnesses for defendant testified in substance as follows:

Ben Treece, a civil engineer and manager of Buncombe Construction Company, testified that he had observed the Paris house after the March 13, 1964 blast and that in his opinion a variety of factors as well as blasting could have been the cause of the cracks in the house.

Robert T. Wall, a geologist working for defendant, testified that he had observed the cracks in the Paris house and that he had no way of knowing whether dynamite caused them, but that in his opinion dynamite did not cause them.

Lloyd L. Graves testified that he was plant superintendant at

the Dana Quarry; that four blasts were conducted during December 1963 and January 1964. The amount of dynamite then used ranged from 6,040 pounds to 12,360 pounds. On 8 March 1964 13,300 pounds were used and on 13 March 1964, 8,750 pounds of dynamite were used in blasting.

Alby Jones testified that he was in construction work and had inspected the Paris house after March 1964. In his opinion it would cost about $3,850 to repair the house with the exception of the basement floor.

Vernon Cox, a registered professional mining engineer and an expert in seismic measurement of ground disturbances, testified that seismic tests were conducted at the Dana Quarry on 8 March 1964. On that date a seismograph reading was recorded at a location 1600 feet from the quarry and 200 feet east of the Paris house. The amount of seismic energy measured was less than that required to damage a building.

Defendant moved the court to permit a jury-view of plaintiffs' property. The motion was denied. Defendant moved for judgment as of nonsuit at the close of plaintiffs' evidence and at the close of all the evidence. Both motions were denied.

The following issues were submitted to the jury:

1. Was plaintiffs' property damaged from concussion or vibrations created by defendant's blasting operations, as alleged in the complaint?

2. If so, what amount are plaintiffs entitled to recover of the defendant for damages to their property proximately caused by said blasting operations?

The jury answered the issues in favor of plaintiffs, and from judgment entered thereon defendant appealed to the Superior Court of Henderson County. Defendant was allowed 60 days within which to make up and serve its statement of case on appeal and plaintiffs were allowed 30 days after service of case on appeal within which to serve countercase or exceptions. Counsel for plaintiffs accepted service of defendant's statement of case on appeal on 18 June 1966, and on 6 July 1966 plaintiffs filed exceptions to the statement of case on appeal. On 18 July 1966 defendant's statement of case on appeal and plaintiffs' exceptions were mailed to Judge Sheppard, with request that he settle the case on appeal and notify counsel when and where to appear before him for that purpose. On 31 August 1966 Judge Sheppard suggested that September 15 or 16 would be a suitable time for settlement of the case on appeal. Counsel for plaintiffs stated to defendant's counsel that he would not be

available at that time, but stated that they could later agree upon a convenient date.

On 28 November 1966 plaintiffs filed a motion to dismiss defendant's appeal in the General County Court on the ground that the case on appeal had not been docketed within the time required by law.

Defendant filed answer, and a hearing was held on the motion to dismiss defendant's appeal. By order dated December 12, 1966, the motion to dismiss was denied and the court set 16 December 1966 as the date for the parties to appear in Henderson County General County Court, when the court would settle the case on appeal. To this ruling and signing of the order, plaintiffs gave notice of appeal to the Superior Court of Henderson County.

Judge Sheppard filed the case on appeal as settled by him on 19 December 1966, and it was transmitted to the Henderson County Superior Court.

The case was heard by Judge Riddle at the January 1967 Special Session of Henderson County Superior Court. It was agreed that judgment might be signed subsequently out of the county and out of the district, and that it should have the same force and effect as if signed at the Special Session.

By judgment dated 2 February 1967 and filed 27 February 1967 Judge Riddle overruled all of defendant's exceptions and assignments of error and affirmed the judgment of the General County Court in all respects.

An order dated 26 January 1967, and forming a part of the foregoing judgment, was filed on January 31, 1967. This order declared the defendant's appeal abandoned, dismissed the appeal and remanded the cause to the General County Court, for further action as provided by law.

Defendant appealed to the Supreme Court.

*Redden, Redden & Redden for plaintiffs.*
*Lee, Lee & Cogburn for defendant.*

BRANCH, J. The General County Court of Henderson County was established under the chapter now codified as G.S. Chap. 7, Article 30. The court has jurisdiction concurrent with the Superior Court in tort actions.

At the threshold of this appeal we are faced with the question of whether the superior court judge erred in signing the order dismissing defendant's appeal to the superior court of Henderson County from the General County Court.

Rule 17 of the Rules of Practice in the Supreme Court, *inter alia,* provides:

"If the appellant in a civil action, or the defendant in a criminal prosecution, shall fail to bring up and file a transcript of the record twenty-eight days before the Court begins the call of cases from the district from which it comes at the term of this Court at which such transcript is required to be filed the appellee may file with the clerk of the Court the certificate of the clerk of the court from which the appeal comes, showing the names of the parties thereto, the time when the judgment and appeal were taken, the name of the appellant, and the date of the settling of the case on appeal, if any has been settled, with his motion to docket and dismiss at appellant's cost said appeal, which motion shall be allowed at the first session of the Court thereafter, with leave to the appellant, during the term, and after notice to the appellee, to apply for the redocketing of the cause; . . ."

To avoid dismissal, the appellant must get his appeal docketed within time, but the Court may in its discretion grant further time for filing the record if appellant filed the record proper in time and then moves for *certiorari,* showing delay was not attributable to him. *Pruitt v. Wood,* 199 N.C. 788, 156 S.E. 126; *State v. Walker,* 245 N.C. 658, 97 S.E. 2d 219.

However, appeals in civil actions from the General County Courts to the Superior Courts are governed by G.S. 7-295 which, in part, provides:

"Appeals in civil actions may be taken from the general county court to the superior court of the county in term time for errors assigned in matters of law in the same manner as is now provided for appeals from the superior court to the Supreme Court, except that appellant shall file in duplicate statement of case on appeal, *as settled,* containing the exceptions and assignments of error, which, together with the original record, shall be transmitted by the clerk of the general county court to the superior court, as the complete record on appeal in said court; that briefs shall not be required to be filed on said appeal, by either party, unless requested by the judge of the superior court; the record on appeal to the superior court shall be docketed before the next term of the superior court ensuing after the case on appeal *shall have been settled* by the agreement of the parties or by order of the court, and the case shall stand for argument at the next term of the superior court en-

suing after the record on appeal shall have been docketed ten days, unless otherwise ordered by the court." (Emphasis added.)

We note with particularity the statutory exception in G.S. 7 at page 295, which states: ". . . appellant shall file in duplicate statement of case on appeal, *as settled,* . . . The record on appeal to the superior court shall be docketed before the next term of the superior court ensuing *after the case on appeal shall have been settled* by agreement of the parties . . ." (Emphasis added). It is clear from the record that the case on appeal had not been *settled* by agreement or by order of the court. G.S. 7-295 makes no provision for the filing of a case on appeal or for the docketing of the record on appeal from the general county court in the superior court until settlement of the case on appeal. Nor is there any provision that the case on appeal shall be transmitted by the clerk of the general county court to the superior court until after the case on appeal has been settled. That part of Judge Riddle's judgment designated as "Order Forming Part of Foregoing Judgment", dated 26 January 1967 and filed 31 January 1967, was erroneously entered.

The superior court sitting as an appellate court overruled defendant's assignments of error, and affirmed the judgment of the general county court of Henderson County. Defendant appealed from the judgment of the superior court of Henderson County, assigning numerous errors. Assignments of error meriting review are hereinafter considered.

Defendant challenges the correctness of the ruling of the superior court in overruling the exception and assignment of error of defendant directed to the trial court's failure to strike out portions of plaintiff's complaint. The paragraphs pertinent to this assignment of error are as follows:

"4. That during the course of the defendant's business operation of its quarry as above referred to, said defendant, through its agents, blasts with dynamite or other combustible substances the rock located at said quarry; that, in the blasting, the defendant uses tremendous amounts of said combustible items which causes the earth to shake and tremble for many miles from the point where said rock quarry is located.

"5. That on Friday, March 13, 1964, at approximately 4:00 P.M., the defendant, through its agents, caused to be set off a tremendous explosion, far greater than that theretofore, at the quarry herein referred to, causing the damages to the plaintiffs' home as hereinafter set forth.

"6. That, as a resulting of said blasting on the part of the defendant, plaintiffs' home is, on each occasion of the blast and particularly at the time and date referred to in paragraph 5 above, severely shaken, causing said home to be cracked and broken in many hundreds of places, both inside and out; that the walls and ceiling on the inside have been shattered and torn loose from their foundation and the brick and mortar exterior have also been broken and cracked and torn away from its foundation; that on each occasion of the blasting on the part of the defendant, plaintiffs' home receives and suffers additional damage."

Defendant contends that all of paragraph 4 should be stricken, and that portion of paragraph 5 reading as follows: "tremendous," "far greater than that theretofore," and that portion of paragraph 6 reading as follows: "on each occasion of the blast and particularly. . . ." The test to be applied upon a motion to strike portions of the complaint is: Does the pleader have the right to introduce evidence tending to establish the ultimate facts? If so, the motion should be denied; if not, it should be allowed. The denial of this motion is not ground for reversal unless the record affirmatively reveals that the matter is irrelevant or redundant and that its retention in the pleading will cause harm or injustice to the moving party. *Batts v. Batts,* 248 N.C. 243, 102 S.E. 2d 862. Allegations should be stricken only when they are clearly improper, impertinent, irrelevant, immaterial, or unduly repetitious. Mere scenery and stage decoration contained in a pleading do not warrant a conclusion that such may form the basis for the introduction of incompetent evidence at the trial. *Rhodes v. Jones,* 232 N.C. 547, 61 S.E. 2d 725. From a perusal of plaintiffs' complaint, we find that they have alleged damages on previous occasions, and particularly on 13 March 1964. They would therefore have the right to introduce evidence concerning the previous occasions. The descriptive word "tremendous" referring to the explosion and the fact that it describes one explosion as being greater than the other, could be proved by competent evidence. In any event, the retention of these pleadings will not cause injustice to defendant. We hold there was no prejudicial error in the denial of defendant's motion to strike.

Defendant attacks the ruling of the superior court in overruling its assignment of error to the ruling of the trial court in admitting into evidence over the objection of the defendant, copies of two letters. Contents of the challenged copies are as follows:

(1) "Flat Rock, North Carolina, April the 4th, 1964. Carolina Portable Aggregates, Incorporated. Dear Sirs: An explosion set off at the quarry at Dana, North Carolina, on Friday, March the 13th, 1964, did serious damages to the foundation and basement, exterior brick, and interior plastering of my home. I immediately reported of damages to Mr. Gray. My contractor is working on an estimate of cost to repair these damages. This matter is of deepest concern to me and I shall appreciate your interest and cooperation. Sincerely yours, Gerald Paris."

(2) "Flat Rock, North Carolina, April 20, 1964. Carolina Portable Aggregates, Inc. Dear Sirs: On April 4, 1964, I mailed you a letter concerning an explosion set off at the quarry at Dana, North Carolina, on March 13, 1964, which did serious damages to my home. On Friday, April 10, a Mr. Wall brought his contractor to my home. My contractor and I were also there. Mr. Wall was given my contractors estimate for fixing these damages. I understood Mr. Wall to say he would contact me the following week. The week has passed and I have not seen or heard from him. This matter remains of the very deepest concern to me and I do request your immediate attention. Sincerely, Gerald Paris."

These copies of letters were not signed; neither was evidence introduced that they were made at the same time and by the same mechanical operation as the original, nor that defendant had received the originals. There was no notice to defendant to produce the originals. There was not sufficient identification of the carbon copies. *Chair Co. v. Crawford*, 193 N.C. 531, 137 S.E. 577. The better practice would have been to exclude these copies from evidence; however, the contents of the "copies" were collateral and amounted to a mere notice which did not directly concern the issues of the case, *McMillan v. Baxley*, 112 N.C. 578, 16 S.E. 845, and the record shows that the subject matter of the letters was later proved by competent evidence. Thus, the introduction of the copies was manifestly not prejudicial error.

The defendant's assignment of error that the trial judge erred in allowing Donies Justus to state that in his opinion the damage to plaintiffs' dwelling was caused by dynamiting is overruled.

"Whether a witness has the requisite skill to qualify him as an expert is chiefly a question of fact, the determination of which is within the exclusive province of the trial judge. To be an expert the witness need not be a specialist or have a license from an examining board or have had experience with the exact

type of subject matter under investigation, nor need he be engaged in any particular profession or other calling. It is enough that, through study or experience, or both, he has acquired such skill that he is better qualified than the jury to form an opinion on the particular subject." Stansbury, North Carolina Evidence, § 133, p. 314. See also *Hopkins v. Comer*, 240 N.C. 143, 81 S.E. 2d 368.

Objection to a witness' qualifications as an expert is waived if not made in apt time on this special ground, even though general objection is taken. Absent this special objection, the court need not specifically find the witness to be an expert, since when it admits his testimony it is presumed the court so found. *Brewer v. Ring & Valk*, 177 N.C. 476, 99 S.E. 358; *State v. De Mai*, 227 N.C. 657, 44 S.E. 2d 218. Defendant failed to enter an objection as to the witness' qualifications in apt time. According to the record, the witness was a building inspector with many years' experience, including experience in repairing buildings which were damaged by blast of dynamite. Certainly, he was better qualified than the jury to form an opinion on this particular subject. His statement that Mrs. Paris told him the damage was caused by a blast over at the mine was offered for the purpose of corroboration, and was in fact consistent with the witness' testimony. This was not error. See Stansbury, North Carolina Evidence, 2d Ed., Witnesses, § 52, p. 105.

For the reasons above stated, the testimony of Ned Wells, an experienced builder, was likewise competent to show that he observed the cracks in the plaster of plaintiffs' dwelling and that normally construction cracks "don't operate that way." While this witness was on the witness stand, the following colloquy occurred:

"Q. If your Honor please, I admit I am leading him a little, but how can I get it out otherwise, and in your discretion, your Honor, I hope you will let me get it out so the jury can understand what I am talking about.

COURT: Well, let him tell it. He's an experienced builder. Let him describe it. Exception. To the foregoing statement of the Court expressing an opinion as to the weight to be given the testimony of the witness Wells, the defendant excepts.

Defendant contends this is prejudicial error and violates G.S. 1-180, as an expression of opinion by the judge. The record shows that through experience the witness was better qualified than the jury to form an opinion on this particular subject. Thus, the statement of the court was no more than a statement holding that the witness

was qualified to give opinion evidence. This statement was not prejudicial error to defendant.

The trial court did not commit error in refusing to allow defendant's motion for a jury-view of plaintiffs' property. Whether the court will allow a jury to view the premises is within the court's discretion. *Highway Com. v. Hartley,* 218 N.C. 438, 11 S.E. 2d 314. Here, no abuse of discretion is shown.

Defendant assigns error that the superior court erred in overruling defendant's assignment of error directed to the trial court's overruling the defendant's motion for judgment as of nonsuit made at the conclusion of all the evidence. In this connection defendant contends that when the plaintiffs alleged negligence, they elected not to proceed upon the theory of absolute liability.

Plaintiffs' complaint sufficiently alleged facts showing damage to their dwelling by concussion and vibration proximately caused by defendant's use of explosives in blasting. This is sufficient to state a cause of action. *Insurance Co. v. Blythe Bros.,* 260 N.C. 69, 131 S.E. 2d 900. The fact that plaintiffs alleged that defendant was negligent in other portions of the complaint is not necessarily an election to proceed upon the theory of negligence rather than absolute liability.

G.S. 1-151 states: "In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed with a view to substantial justice between the parties."

We find in 71 C.J.S., Pleadings, Sec. 521, the following: "Where a single count contains distinct averments, each of which presents a substantive cause of action, proof of either will authorize a recovery," and 71 C.J.S., Pleadings, Sec. 522, states: "Surplusage.— As a general rule no more need be proved, even though more be alleged, than enough to sustain the cause of action or defense relied on. In other words, only those allegations necessary to a recovery need be supported by proof. Surplusages in a pleading need not be proved. Thus, as a general rule, no proof is required of allegations which are irrelevant, immaterial, or unnecessary." The trial judge correctly overruled defendant's motions for nonsuit.

At this point we will also consider defendant's contention that improper issues were submitted to the jury, in that no issue was submitted on negligence. ". . . only such issues as are raised by the pleadings and supported by sufficient competent evidence should be submitted to the jury." 4 Strong: N. C. Index, Trial, § 40, p. 348. The evidence in the record does not show negligence on the part of defendant which proximately caused damage to plaintiffs. The issues submitted were sufficient to dispose of the controversies arising on the pleadings and support a final judgment.

PARIS *v.* AGGREGATES, INC.

In charging on the first issue, the trial judge stated:

"Now, in a civil case that issue is determined by the weight of the evidence. You will weigh the evidence in this case. You are the sole judges of the facts. This case is yours and yours only to decide. If after you have weighed the evidence in this case the weight of the evidence tips the scales in favor of the plaintiffs, it would be your duty to answer the first issue YES. If you are not satisfied from the evidence in this case and by the greater weight thereof, you would answer that issue No."

Defendant contends that this is prejudicial error as being incomplete, misleading, and particularly relies on the failure of the court to instruct the jury that it could answer the first issue No if the evidence of the plaintiffs and defendant were found to be of equal weight. It is not prejudicial to illustrate the burden of proof by analogy to a set of scales. *Tarkington v. Printing Co.; Dunston v. Printing Co.,* 230 N.C. 354, 53 S.E. 2d 269. In the case of *Hardee v. York,* 262 N.C. 237, 136 S.E. 2d 582, this Court said:

". . . In the charge proper the court said: 'Now the burden of proof is upon the plaintiff on both of those questions (issues), that is, the burden of satisfying you by the greater weight of the evidence that those questions should be answered in her favor.' This was sufficient. The burden of proof is a substantial right, and the failure of the charge to properly place the burden of proof is reversible error. *Tippite v. R. R.,* 234 N.C. 641, 68 S.E. 2d 285; *Crain v. Hutchins,* 226 N.C. 642, 39 S.E. 2d 831; *Haywood v. Insurance Co.,* 218 N.C. 736, 12 S.E. 2d 221. But when the court correctly places the burden of proof and states the proper intensity of the proof required, the court is not required to define the term "greater weight of the evidence" in the absence of a prayer for special instructions."

In the instant case the court properly placed the burden of proof on the first issue and correctly stated the proper intensity of proof required. Although the court did not continue with his illustration as to the burden of proof, the court's statement, "if you are not satisfied from the evidence of this case and by the greater weight thereof, you would answer that issue No," the court thereby eliminated any confusion about the burden of proof. We do not think that this portion of the charge would have misled or confused the jury so as to prejudicially affect the defendant.

The defendant strongly contends that the superior court committed error when it overruled its exception and assignment of error to that portion of the court's charge which stated: "You will con-

sider the evidence offered by the witnesses for the plaintiffs in regard to the value of this property before this alleged damage by the blasting. You will consider the condition of the property at this time, after the blasting."

In cases where the injury is completed or by a single act becomes a *fait accompli*, and which do not involve a continuing wrong or intermittent or recurring damages, the correct rule for the measurement of damages is the difference between the market value of the property before and after the injury. *Broadhurst v. Blythe Bros. Co.*, 220 N.C. 464, 17 S.E. 2d 646; *Casstevens v. Casstevens*, 231 N.C. 572, 58 S.E. 2d 368. In reading the entire charge, we find that the trial judge again referred to the measure of damages at a later period in his charge, stating:

> "I thought I told them that. Now, the rule of law in determining this damage — I thought that I had made that clear. Evidently I had not. Is the difference between the fair market value of this property — what was the fair market value immediately before this damage, if you find it was damaged by the defendant, and that was the reasonable fair market value after the damage, . . ."

All of the evidence in the case was directed so as to show the reasonable market value of the property immediately before the damage and the reasonable market value immediately after the damage. The instruction as to the measure of damages was sufficiently definite to guide the jury to an intelligent determination of this portion of the issue of damages.

This brings us to the consideration of defendant's exception to the failure of the court to charge the jury as to the burden of proof upon the second issue submitted to the jury.

In the case of *Lieb v. Mayer*, 244 N.C. 613, 94 S.E. 2d 658, Parker, J. (now C.J.) speaking for the Court, said: "Damages are never presumed. The burden is always upon the complaining party to establish by evidence such facts as will furnish a basis for their assessment, according to some definite and legal rule. *Berry v. Lumber Co.*, 183 N.C. 384, 111 S.E. 707; *Rice v. Hill*, 315 Pa. 166, 172 A. 289." And Denny, C.J., speaking for the Court in the case of *Watt v. Crews*, 261 N.C. 143, 134 S.E. 2d 199, stated:

> "In *Tippite v. R. R.*, 234 N.C. 641, 68 S.E. 2d 285, this Court said: 'G.S. 1-180, as amended, requires that the judge "shall declare and explain the law arising on the evidence given in the case." This places a duty upon the presiding judge to instruct the jury as to the burden of proof upon each issue arising upon

the pleadings. It is said that " 'the rule as to the burden of proof is important and indispensable in the administration of justice. It constitutes a substantial right of the party upon whose adversary and burden rests; and, therefore, it should be carefully guarded and rigidly enforced by the court. *S. v. Falkner,* 182 N.C. 793 and cases cited.' *Hosiery Co. v. Express Co.,* 184 N.C. 478." *Coach Co. v. Lee,* 218 N.C. 320, 11 S.E. 2d 341; *Crain v. Hutchins,* 226 N.C. 642, 39 S.E. 2d 831.' "

The trial court did not give an instruction as to the burden of proof on the second issue. This omission violates a substantial right of defendant, and we hold that this was prejudicial error.

"It is settled beyond controversy that it is entirely discretionary with the Court, Superior or Supreme, whether it will grant a partial new trial. It will generally do so when the error, or reason for the new trial, is confined to one issue, which is entirely separable from the others and it is perfectly clear that there is no danger of complication." *Lumber Co. v. Branch,* 158 N.C. 251, 73 S.E. 164.

In the instant case the decisions on assignments of error relating to the first issue were, in several instances, very close. The assignments of error as to both issues are so intertwined that the ends of justice will be best met by a new trial on both issues.

In our discretion the judgment below is vacated and the cause is remanded to the Superior Court of Henderson County, with direction that it remand the cause to the General County Court of Henderson County for a new trial on both issues.

Error and remanded.