McCULLOUGH, Judge.
Defendant appeals from a jury verdict finding him guilty of the offense of possession of cocaine. Defendant thereafter pled guilty to being an habitual felon. The trial court sentenced defendant in the presumptive range of 112 months to 144 months.
The State's evidence tended to show the following: On a clear, 11 January 2003 day, at approximately 3:00 p.m., defendant was driving a green Pontiac Sunbird with a passenger in New Bern, North Carolina. Sergeant Dombrowsky ("the Sergeant"), a 14-year employee of the New Bern Police Department ("NBPD"), was at an intersection when he observed defendant driving past him. Recognizing defendant, Sergeant Dombrowsky was aware that defendant's license had beenpermanently revoked and that there were pending warrants for his failure to appear in court.
When defendant saw Sergeant Dombrowsky, he looked surprised. Shortly afterwards, when the Sergeant turned his vehicle and pulled up behind defendant, defendant accelerated to a high rate of speed and made a right turn onto Second Avenue. The Sergeant followed defendant. As he got closer to defendant's vehicle, the Sergeant saw a hand come up to the window on the driver's side and drop what appeared to be a brown paper bag. Then, clear, white bits and pieces of plastic were thrown out of the passenger-side window. As the vehicle rounded a corner at the end of the block, a packet of plastic bags came flying out of the driver-side window. Sergeant Dombrowsky stopped and retrieved the brown paper bag believing it to contain cocaine base or crack. He also collected some of the second batch of items that had been thrown out of the car. These included more off-white substances wrapped in bag corners, knotted, and about twenty burned plastic sandwich bags with their corners cut off. Much of the off-white substance had been ground into the asphalt where defendant's car ran over it. As the Sergeant was collecting what he could, at least half a dozen people ran into the street in the area and were on their hands and knees. The Sergeant yelled at them to stop, but they just kept going back and forth. The Sergeant called another officer in the area. Further down the road the Sergeant retrieved another, larger sandwich bag which had been ripped open. There was a large knot atthe top that could have contained something the size of a "billiard ball."
Later the State Bureau of Investigation's (S.B.I.) laboratory analysis determined that the material in the brown paper bag was .2 grams of cocaine. The second batch of items, thrown from the passenger side of the vehicle, was found to contain a total of .7 grams of cocaine.
Sergeant Dombrowsky testified, based on his experience and training, that sandwich bags are used to package crack cocaine by way of the following: by dropping crack rocks into the corner of plastic bags, twisting them, knotting them and pulling the excess plastic on the end off; or by burning the end of the knot to keep the cocaine sealed. Based on this experience, the Sergeant testified that the lack of corners of the clear bags found on the street, after having been thrown from defendant's car, indicated that they had been used to package crack cocaine. He also believed the larger bag appeared to have contained a large quantity of cocaine before it was packaged into small bags.
Defendant was pulled over by Officer Rowe, a canine handler for the NBPD. The canine was certified to detect the odor of "narcotics," specifically marijuana, methamphetamines, heroin and cocaine. Defendant and the car were searched. The canine was alerted to the odor of narcotics on the passenger-side floorboard and the center console. Also, it indicated the presence of the odor of narcotics on the driver's seat. Later, a hand search of the car recovered no narcotics. Defendant and the passenger were put together in a patrol car. While the two were alone, defendant attempted to convince the passenger that, because the police did not find anything on them, they could not be charged for any crime. He attempted to persuade the passenger not to admit to throwing anything out of the car, but asked if he had thrown "it" on the road. Defendant then stated what he and the passenger should have done, saying: "We should have kept right on going like we was going straight to the house. What you should of did was open the door. You should have waited to turn the corner." Lastly, defendant advised, "That's a drug area, anywhere on the avenue. You ain't going to say you threw nothing out."
Defendant attempted to put on evidence through the testimony of the passenger. During voir dire examination, the passenger asserted his Fifth Amendment privilege against self-incrimination. Defendant put on no other evidence. The court then asked defendant if he had anything at the close of the State's evidence, and he moved to dismiss the charges for insufficiency of the evidence. The court denied the motion.
Defendant has raised and maintained the following issues for our review in this appeal[1]: (I) that the trial court erred in denying defendant's motion to dismiss; (II) that the trial court erred in allowing the testimony of Sergeant Dombrowsky to go beyond the scope of permissible lay testimony; (III) the court erred infailing to compel the testimony of the passenger; (IV) that the court erred in finding defendant's possession of cocaine to be a felony for purposes of his habitual felon plea and sentencing; and lastly (V) that defendant was prejudiced by ineffective assistance of his trial counsel. For the reasons stated herein, we find the judgment of the trial court to have been rendered without prejudicial error.
I. Motion to Dismiss
Defendant claims there was insufficient evidence to support his conviction of possession of cocaine to carry the issue to the jury. We do not agree.
When reviewing a motion to dismiss criminal charges, the court is posed with the question of
whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.
State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980) (citations omitted). The evidence before the court is examined in a light most favorable to the State, giving the State the benefit of all reasonable inferences. State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). Contradictions and discrepancies in otherwise substantial evidence are jury issues not proper for summary dismissal. Id. The evidence is reviewed in the same manner whether it be direct or circumstantial or both. State v. Bullard, 312 N.C. 129, 160, 322 S.E.2d 370, 388 (1984). Possession of cocaine may be proved under a theory of constructive possession. See State v. Perry, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Though not having actual possession of the narcotic, a person is in constructive possession when he has the intent and capability to maintain dominion and control thereof. State v. Beaver, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986).
From the facts before the trial court in the case at bar, it was reasonable to infer that defendant was in constructive possession of the cocaine found in the brown paper bag. Sergeant Dombrowsky testified that he observed defendant driving a vehicle at 3:00 p.m. on a clear day. The Sergeant began following defendant closely because he knew defendant had an existing warrant and that his license was revoked. At no point did the Sergeant lose sight of the vehicle after initially seeing defendant driving. While pursuing defendant, the Sergeant observed the brown paper bag come out of the driver's side window. Watching where the bag went, the Sergeant immediately went to retrieve it. It was later determined that this bag contained .2 grams of cocaine. This was both sufficient and substantial evidence for the trial court to leave for the jury the question of whether the State's theory of constructive possession withstood the "reasonable doubt" burden of proof to sustain the charge.
This assignment of error is overruled.
II. Testimony of Sergeant Dombrowsky
Next, defendant contends the trial court erred in allowing the testimony of Sergeant Dombrowsky because it was beyond the scope oflay witness testimony. Specifically, defendant argues the Sergeant's testimony concerning the process in which crack is packaged in the corner of plastic sandwich bags-then sealed by twisting, knotting, and pulling off the excess plastic, or burning the end of the knot-was not based on a proper foundation for qualifying as an expert. We do not agree.
Our case law generally requires that, to qualify as an expert witness, an expert need only be better qualified than the jury as to the subject at hand, and thus that the testimony is helpful to the jury. State v. Davis, 106 N.C. App. 596, 601, 418 S.E.2d 263, 267 (1992), disc. review denied, 333 N.C. 347, 426 S.E.2d 710 (1993). The determination of an expert's qualifications is "exclusively within the trial judge's discretion, and is not to be reversed on appeal absent a complete lack of evidence to support his ruling.'" Id. (quoting State v. Howard, 78 N.C. App. 262, 270, 337 S.E.2d 598, 603 (1985), disc. review denied, 316 N.C. 198, 341 S.E.2d 581 (1986)). If the defendant does not request a finding by the trial court as to the qualification of a witness as an expert, "it is not essential that the record show an express finding on this matter, the finding, one way or the other, being deemed implicit in the ruling admitting or rejecting the opinion testimony of the witness." State v. Perry, 275 N.C. 565, 572, 169 S.E.2d 839, 844-45 (1969)(citations omitted). "Objection to a witness' qualifications as an expert is waived if not made in apt time on this special ground, even though general objection is taken." Paris v. Aggregates, Inc., 271 N.C. 471, 481, 157 S.E.2d 131, 138 (1967) In the case at bar, defendant made only a general objection to the testimony of Sergeant Dombrowsky, and citing Paris, we could end our analysis on this point. Regardless, there was evidence that Sergeant Dombrowsky was a police officer of 14 years, four of which were as a sergeant. Throughout his testimony relating to how crack cocaine is typically packaged, Sergeant Dombrowsky premised his understanding of the process on his "training and experience." Without prodding the court beyond defendant's general objections to this testimony, which may have elicited a better foundation for the Sergeant's opinion, we cannot say the court abused its discretion in allowing this testimony to assist the jury. It was clearly based on an officer's substantial training and experience in the field of law enforcement.
This assignment of error is overruled.
III. Testimony of Passenger
Defendant next contends the court erred in failing to compel the testimony of the passenger of the vehicle, after the passenger asserted his Fifth Amendment privilege against self-incrimination. We do not agree.
The passenger asserted his Fifth Amendment privilege during voir dire testimony before the court. This was after the trial court clarified that the passenger was adequately represented, and was being charged for the same crime as defendant. However, the passenger was being tried in a separate case on the pending charges. Defendant made no objection, request of immunity for the passenger, or offer of proof after the passenger asserted hisprivilege. Therefore, we deem this issue waived pursuant to the North Carolina Rules of Appellate Procedure. N.C.R. App. P. 10(b)(1) (2003) (Generally, "[i]n order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired[.]") See, e.g., State v. Anderson, 350 N.C. 152, 184-85, 513 S.E.2d 296, 315-16, cert. denied, 528 U.S. 973, 145 L. Ed. 2d 326 (1999). Furthermore, defendant did not evoke plain error review in his brief, and any such review would be improperly speculative without an offer of proof as to the content of the passenger's testimony. N.C.R. App. P. 10(c)(4) (raising prejudicial error review); N.C. Gen. Stat. § 8C-1, Rule 103(b)(2)(2003)(circumstances requiring an offer of proof).
Therefore, this assignment of error is overruled.
IV. & V. Felony Possession of Cocaine
Defendant's final issues on appeal contend that the trial court erred in its judgment and sentence of defendant as a felon on the charge of possession of cocaine. The implications of the court's improper judgment, as alleged by defendant, were the following: that the trial court was without jurisdiction to sentence defendant as an habitual felon pursuant to N.C. Gen. Stat. §§ 14-7.2 and 14-7.6 (2003); and that because defendant's counsel assisted in defendant's plea of guilty to being an habitual felon, his counsel's assistance was ineffective. We do not agree. Our Supreme Court recently clarified, in overruling an opinion of this Court, that possession of cocaine in North Carolina is a felony, and shall be treated as such for all purposes. See State v. Jones, 358 N.C. 473, 598 S.E.2d 125 (2004); State v. Sneed, 358 N.C. 538, 599 S.E.2d 365 (2004). In Jones, the Court concluded:
Under N.C.G.S. § 90-95(d)(2), the phrase "punishable as a Class I felony" does not simply denote a sentencing classification, but rather, dictates that a conviction for possession of the substances listed therein, including cocaine, is elevated to a felony classification for all purposes. Concerning the controlled substances listed therein, the specific exceptions contained in section 90-95(d)(2) control over the general rule that possession of any Schedule II, III, or IV controlled substance is a misdemeanor.
Jones, 358 N.C. at 478-79, 598 S.E.2d at 128-29; see also Sneed, 358 N.C. at 538, 599 S.E.2d at 365.
Therefore, defendant was properly found guilty of the felony charge of possession of cocaine, and, pursuant to that verdict, subject to the Habitual Felon Statute. Moreover, it cannot be said defendant's counsel was ineffective when, after the jury rendered a verdict of guilty on the possession charge, legal assistance was provided for defendant's plea of guilty of being an habitual felon. See State v. Braswell, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985); Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, reh'g denied, 467 U.S. 1267, 82 L. Ed. 2d 864 (1984).
Pursuant to our Supreme Court's holdings in Jones and Sneed, defendant's assignments of error on this issue are without merit and overruled. After a thorough review of the record, briefs, and transcript of the case at bar, we find defendant received a fair trial, free from reversible error.
No error.
Judges McGEE and ELMORE concur.
Report per Rule 30(e).

Two issues were explicitly abandoned in defendant's brief.