STEVEN FEIERSTEIN & LISA FEIERSTEIN, Plaintiffs v. N.C. DEPT. OF
ENVIRONMENT & NATURAL RESOURCES, Defendant

No. COA10-912

(Filed 19 April 2011)

**Damages and Remedies— negligence—calculation of property's
value—fair market value**

The Industrial Commission erred in a negligence action, aris-
ing from defendant's issuance of a septic permit and then its later
determination that the lot was unsuitable for a septic system, by
using fair market values of the pertinent property from 2007
rather than 2001 for calculating damages. The injury to plaintiff's
real property was completed as of 14 February 2001, and there
was not a continuing wrong or intermittent or recurring damages.

Appeal by defendant from order entered 21 April 2010 by the
North Carolina Industrial Commission. Heard in the Court of Appeals
26 January 2011.

*George B. Daniel, P.A., by George B. Daniel; and Stevens Martin
Vaughn & Tadych, PLLC, by Michael J. Tadych, for plaintiff-
appellees.*

*Attorney General Roy Cooper, by Assistant Attorney General
Olga Vysotskaya, for defendant-appellant.*

STEELMAN, Judge.

Where the injury to plaintiff's real property was completed as of
14 February 2001 and there was not a continuing wrong or intermit-
tent or recurring damages, the correct measure of damages was the
difference between the fair market values of the property immedi-
ately before and after the injury. The Commission erred in using fair
market values of the property from 2007.

I. Factual and Procedural Background

Steven and Lisa Feierstein (plaintiffs) initiated this negligence
action after the North Carolina Department of Environmental and
Natural Resources (NCDENR) (defendant) conducted a soil evalua-
tion and issued a septic permit for their building lot in 1987 and then
later determined that the lot was unsuitable for a septic system in
2001. The facts of this case are set forth in the first appeal to this

Court. *See Feierstein v. N.C. Dep't of Envtl. & Natural Res.*, —— N.C. App. ——, 690 S.E.2d 558 (2010) (unpublished).

In the first appeal, this Court reversed the Commission's award of damages based upon plaintiffs' out-of-pocket expenditures, and remanded the case to the Commission "for the entry of a new order with respect to the issue of damages that utilizes a legally permissible measure of damages." *Id.* On remand, the Commission determined that the proper measure of damages was the diminution in value of plaintiffs' property.

The Commission determined that the fair market value of the property on 7 December 2000 with the permit was $125,000.00, and that with the revocation of the permit, the "marketability of the lot was reduced by 70%." The Commission went on to find that the appraised value of the property as of 11 July 2007 was $300,000.00 with all permits in place and that the value as of 11 July 2007 without the permit was $70,000.00 to $80,000.00. Based upon these findings, the Commission awarded damages to plaintiffs of $220,000.00. Defendant appeals.

## II. Damages based upon Diminution in Value for a Completed Injury

In its only argument, defendant contends that the Commission erred in calculating the diminished value of plaintiffs' property using values from 2007 rather than 2001. We agree.

Where the injury to real property is completed or by a single act becomes a *fait accompli,* and where it does not involve a continuing wrong or intermittent or recurring damages, a plaintiff is entitled to recover the difference between the fair market value of the property *immediately* before and *immediately* after the damage. *See Paris v. Carolina Portable Aggregates, Inc.*, 271 N.C. 471, 484, 157 S.E.2d 131, 141 (1967); *Broadhurst v. Blythe Bros. Co.*, 220 N.C. 464, 469, 17 S.E.2d 646, 649 (1941); *Huberth v. Holly*, 120 N.C. App. 348, 353, 462 S.E.2d 239, 243 (1995); *Huff v. Thornton*, 23 N.C. App. 388, 393-94, 209 S.E.2d 401, 405 (1974), *aff'd*, 287 N.C. 1, 213 S.E.2d 198 (1975). Our Supreme Court has adhered to this diminution in value formula in cases where the injury is completed, and has held that a trial court's instruction for damages based upon diminution in value was correctly stated as the difference in market value immediately before the damage and immediately after the damage. *See Paris*, 271 N.C. at 484, 157 S.E.2d at 141; *Huff*, 23 N.C. App. at 393-94, 209 S.E.2d at 405.

FEIERSTEIN v. N.C. DEP'T OF ENV'T & NATURAL RES.

[211 N.C. App. 194 (2011)]

In the present case, the injury to plaintiffs' property was complete on 14 February 2001, the date that defendant issued a final denial letter for plaintiffs' septic permit application. Damages to plaintiffs' property should have been computed based upon the diminution of value as of 14 February 2001. The market values of the property as of 11 July 2007 are irrelevant to plaintiffs' damages in this case.

The Commission erred in awarding plaintiffs $220,000.00 in damages based upon market values from 2007.

The Commission's order awarding plaintiffs $220,000.00 in damages is reversed and remanded to the Commission for calculation of damages based upon diminution in value that utilizes the fair market values immediately before and after the injury.

REVERSED AND REMANDED.

Judges ELMORE and ERVIN