BioSkryb Genomics, Inc. v. AClarity Genomics Inc., 2025 NCBC 56.

STATE OF NORTH CAROLINA

DURHAM COUNTY

BIOSKRYB GENOMICS, INC.,

        Plaintiff,

v.

ACLARITY GENOMICS INC., and
JASON A.A. WEST,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
25CV000424-310

**ORDER AND OPINION ON
PLAINTIFF'S MOTION TO STRIKE**

*Brooks, Pierce, McLendon, Humphrey & Leonard L.L.P., by Eric M. David, Kimberly M. Marston, Gabrielle L. Motsinger, and Kasi W. Robinson, for Plaintiff BioSkryb Genomics, Inc.*

*Ellis & Winters, LLP, by James M. Weiss, Kelly Margolis Dagger, Curtis J. Shipley, and Dale Clemons, for Defendants AClarity Genomics Inc. and Jason A.A. West.*

Conrad, Judge.

1. BioSkryb Genomics, Inc. has moved to strike over sixty paragraphs in the answer and counterclaim of Jason West and AClarity Genomics Inc. (*See* Mot. Strike, ECF No. 68.) In its discretion, the Court elects to decide the motion on the briefs. *See* BCR 7.4.

2. This case began when BioSkryb sued West and AClarity for unfair competition. BioSkryb is a technology company; West is a former director and officer; and AClarity is West's newly formed company. In a nutshell, BioSkryb alleges that West took its trade secrets upon his departure and has used them to establish AClarity as a competitor. These allegations support claims for misappropriation of trade secrets, unfair or deceptive trade practices under N.C.G.S. § 75-1.1, breach of

the confidentiality and nonsolicitation clauses in West's employment agreement, and more. (*See, e.g.*, Compl. ¶¶ 105, 106, 115, 130–32, ECF No. 3.)

3. Immediately after filing suit, BioSkryb sought a temporary restraining order to bar West and AClarity from using its trade secrets and soliciting its customers and employees. The Court denied that motion and later denied BioSkryb's motion for preliminary injunction. (*See* Order on Mot. TRO, ECF No. 12; Order on Am. Mot. Prelim. Inj., ECF No. 58.)

4. West and AClarity not only dispute the allegations against them but also contend that BioSkryb has no basis for them. In their answer and counterclaim, West and AClarity allege that BioSkryb's claims are frivolous, malicious, and brought in bad faith, thus entitling them to an award of attorney's fees under N.C.G.S. §§ 66-154(d) and 75-16.1. West goes on to claim that his employment agreement is void under California law and that BioSkryb's attempt to enforce the agreement's nonsolicitation clause is a violation of California Business & Professional Code § 16600.5. (*See generally* Ans. & Countercl., ECF No. 59.)

5. Now, BioSkryb has asked the Court to strike the counterclaim's paragraphs 4–9 and 12–66 under Rule 12(f) of the North Carolina Rules of Civil Procedure. It contends that these paragraphs are irrelevant to the claimed violation of California law. Their purpose, according to BioSkryb, is "only to harass and embarrass BioSkryb, its founder, and its current CEO." (Br. Supp. Mot. Strike 3, ECF No. 69.)

6. A trial court "may order stricken from any pleading any . . . redundant, irrelevant, immaterial, impertinent, or scandalous matter." N.C. R. Civ. P. 12(f).

Motions to strike "are viewed with disfavor and are infrequently granted." *Daily v. Mann Media, Inc.*, 95 N.C. App. 746, 748–49 (1989) (citation and quotation marks omitted). "Matter should not be stricken unless it has no possible bearing upon the litigation. If there is any question as to whether an issue may arise, the motion should be denied." *Shellhorn v. Brad Ragan, Inc.*, 38 N.C. App. 310, 316 (1978).

7. Having reviewed the sixty or so disputed paragraphs in context, the Court cannot say that they have no possible bearing upon the litigation. All concern West's work history with BioSkryb and his turbulent relationship with its board of directors, including, among other things, allegations that the board threatened to fire him multiple times, pressed him to sign a new employment agreement with restrictions on competition (and became frustrated when he refused), and eventually fabricated grounds for removing him from his position as an officer. These events tell the story—from West's perspective—behind this dispute. They may indeed bear on BioSkryb's motives and whether it has proceeded in bad faith or with malice against West and AClarity. *See* N.C.G.S. § 66-154(d) ("If a claim of misappropriation is made in bad faith . . ., the court may award reasonable attorneys' fees to the prevailing party."); *id.* § 75-16.1 (allowing fees when "[t]he party instituting the action knew, or should have known, the action was frivolous and malicious"). And the alleged attempts to revise West's employment agreement may bear on the parties' competing understandings of their rights and obligations under the unamended agreement.

8. This is not to say that the counterclaim needed to be as long and as detailed as it is. "A short and plain statement" is all that the Rules of Civil Procedure require.

N.C. R. Civ. P. 8(a)(1). But pleadings often set the stage—or, as in this case, respond to the opposing party's own stage-setting—with background and related history. It is not necessary to strike this "[m]ere scenery and stage decoration" from pleadings, absent some prejudice. *Paris v. Carolina Portable Aggregates, Inc.*, 271 N.C. 471, 479 (1967). Here, the counterclaim's background allegations pose no real prejudice to BioSkryb.

9. For these reasons, the Court **DENIES** BioSkryb's motion to strike. *See, e.g.*, *JT Russell & Sons, Inc. v. Russell*, 2025 NCBC LEXIS 22, at *18–19 (N.C. Super. Ct. Mar. 4, 2025) (denying motion to strike); *Whalen v. Tuttle*, 2024 NCBC LEXIS 146, at *5–6 (N.C. Super. Ct. Nov. 19, 2024) (same); *VanFleet v. City of Hickory*, 2020 NCBC LEXIS 40, at *5–7 (N.C. Super. Ct. Mar. 30, 2020) (same).

**SO ORDERED**, this the 18th day of September, 2025.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
 for Complex Business Cases